ISAAC McCORD and others v. THE WEST FELICIANA RAIL ROAD
COMPANY.

Suit on a contract entered into by certain individuals, the petition setting forth their
names, and reciting that, under the firm of *Isaac McCord and Company*, they had
undertaken to execute certain work. In articles of partnership, entered into for the
purpose of executing the work, subsequently to the contract, it is provided that
the name of the firm shall be *McCord and Company:* *Held*, that the variance
between the name of the firm as recited in the petition, and as set forth in the ar-
ticles of agreement, is immaterial.

Where the record shows that all the persons who entered into the original contract
with the defendants, are plaintiffs, it will be no objection that others, who became
subsequently interested in the contract, without the privity of the defendants, are
not made parties to the suit.

Where a partnership has been dissolved by the death of one of the members, an
action may be maintained by the survivors, and the legal representatives of the
deceased.

In an action by the survivors, and the curator of the succession of a deceased partner,
the death of the curator *pendente lite*, is no cause for dismissing the suit. The
action may be prosecuted by the heirs, or other legal representatives of the deceased
partner.

ACTION before the District Court of West Feliciana, *Weems*,
Parish Judge, presiding. The petition alleges that the defendants
are indebted to the plaintiffs in the sum of five hundred thousand
dollars, for this : that on the 13th of January, 1836, the petitioners,
Isaac McCord, John Thompson, Usal Hopkins, since deceased, and
whose succession is represented by Archibald Harralson, as curator,
John Cummings, and Charles A. Snyder, did, under the firm of
Isaac McCord and Company, bind themselves to execute all ' the
grading and road formation' of the West Feliciana Rail Road, for
which the Rail Road Company agreed to pay them in the manner
set forth in the contract annexed to the petition. The petitioners
also allege that it will appear from the contract, that the work to be
executed by them amounted, at the contract prices, to the sum of
five hundred thousand dollars ; that soon after the said 13th of
January, they commenced the execution of their part of the con-
tract, and continued to discharge every obligation, which it imposed
on them, until the 1st of August, 1837, when, although they had
taken all the necessary measures for complying on their part with
the contract, by engaging laborers, purchasing timber, procuring

tools, &c., they were compelled to suspend operations, in conse-
quence of the neglect of the company to perform its part of the
contract. They allege, that up to the time when they were thus
compelled to suspend operations, they had executed work, of which
the particulars are detailed, to the value of five hundred thousand
dollars. They further allege, that in consequence of the failure of
the Rail Road Company to comply with its engagements in various
important particulars, which are specified, they have sustained
damage to the amount of five hundred thousand dollars.

The petitioners also aver, that the defendants are indebted to them
in the further sum of thirty thousand dollars, for the erection of a
bridge over the bayou Sara, under another contract made with them
on the 9th of December, 1836.

By a provision in the articles of copartnership entered into be-
tween the plaintiffs, on the 7th of May, 1836, it is declared ' that the
association shall be known as the firm of *McCord and Company.*'
It appears from these articles, that one Henry Colestock was also a
member of the association, though not a party to the contracts with
the Rail Road Company, which had been executed on the 13th of
January, preceding. The subsequent contract of the 9th of December,
1836, for the erection of the bridge over the bayou Sara, is not in
the record. On the 17th of December, 1839, the death of Harral-
son, the curator of Hopkins, one of the plaintiffs, was suggested,
and leave obtained from the court to make the representatives of
Hopkins parties to the suit; and on the 27th of May, 1841, John
Cummings, who had been appointed curator to his vacant succes-
sion, was made a party.

*Lobdell* and *Turner*, for the appellees. No counsel appeared
for the plaintiffs.

BULLARD, J. The defendants relied, in the court below, on the
following exceptions, which were pleaded *in limine litis.* 1. That
the plaintiffs cannot maintain the action under the name and style of
Isaac McCord and Company, because the name in the articles of
partnership is McCord and Company. 2. That there were other
parties to said contract, who have not been made parties to this
action. 3. That the partnership was a special one, and was dis-
solved by the death of Hopkins; and no action can be maintained
in the name of the late firm. 4. That the petition is vague, uncer-

tain, and contradictory. 5. That the damages are not specially set forth, and that only special damages can be recovered. 6. The death of Harralson, curator of one of the parties, since the inception of the suit.

The second and fourth exceptions having been sustained, and the suit dismissed, the plaintiffs appealed.

I. The names of the plaintiffs are set forth, and whether they call themselves Isaac McCord and Company, or McCord and Company, is not material.

II. The record shows, that all the persons who entered into the original contract with the defendants, are plaintiffs in this action. If other persons became interested afterwards, it does not appear that it was with the privity of the defendants, and they can have no direct action upon the contract. The action was well brought, in the names of the original contracting parties.

III. Admitting that the partnership was dissolved by the death of Hopkins, it does not follow that the parties, and their legal representatives, could not maintain this action.

IV and V. The petition appears to us to set forth the cause of action, with sufficient certainty.

VI. The death of the curator of one of the original contractors, *pendente lite*, does not appear to us a sufficient cause for dismissing the action. The heirs, or other legal representatives, might well come in, and prosecute the suit.

We conclude that the court erred in dismissing the suit.

It is, therefore, adjudged, that the judgment of the District Court be reversed, and that the cause be remanded for further proceedings according to law; the defendants paying the costs of this appeal.