## G. F. CONNELY *v.* A. BOURG, Sheriff, et al.

A surety who pays a judgment, and is thereby subrogated to the rights of the creditor against the principal debtor, may issue execution on the judgment in the name of the creditor for the recovery of the amount which, as surety, he has paid.

Where a drawer gives two endorsers as co-sureties, the one that endorses first is liable to the other for the whole debt.

Accommodation paper is governed by the same rules as other paper, in regard to endorsers.

Strong evidence is required to vary the legal liability of endorsers as fixed by the *lex mercatoria.*

APPEAL from the District Court of the Parish of Terrebonne, *Roman J. Connelly & Rightor,* for plaintiff. *F. S. Goode,* for defendant and appellant.

LAND J. The holder of a promissory note obtained judgment on the same against the maker, and against *G. F. Connely,* the payee, and *J. B. Robinson,* as endorsers; and issued execution on his judgment against *Robinson,* the second endorser, who paid the principal and interest together with costs of suit into the hands of the sheriff.

Subsequently, *Robinson* caused an *alias* writ of *fieri facias* to issue on the judgment obtained by the holder of the note, against *G. F. Connely,* the first endorser, for the whole amount of the principal, interest and costs which he had paid to the sheriff.

Thereupon *Connely,* the first endorser of the note, sued out an injunction to arrest the execution of the writ on the following grounds.

First. That no judgment existed on which any execution could have issued, the payment by said *Robinson,* one of the obligors, having extinguished the same.

Secondly. That all the endorsers of commercial paper, under the laws of Louisiana, are, as between themselves, joint sureties, and therefore, under no circumstances was said *Robinson* entitled to claim more than half of said judgment.

Thirdly. That there was a conventional agreement that in case of loss by the endorsement, said loss should be jointly borne by the endorsers.

CONNELLY
v.
BOURG.

And Fourthly. That even if *Robinson* had a right to issue execution for the whole amount of the debt and interest, he had no right to collect from his co-obligor the costs he had himself incurred in resisting the payment of his debt.

The first ground relied on for maintaining the injunction is not tenable. It has been held by this Court that a surety who pays a judgment, and is thereby subrogated to the rights of the creditor against the principal debtor, may issue execution on the judgment, in the name of the creditor, for the recovery of the amount which as surety he has paid. *Sprigg* v. *Beamen*, 6 L. 63.

Consequently, by the act of payment every right of the judgment creditor, including the right to issue execution, passed to *Robinson* by virtue of a legal subrogation both against the maker and first endorser of the note. We say against the maker and first endorser, because the latter endorsed the note for the accommodation of the maker, and is viewed as a surety against whom the rights of the creditor were transferred by the effect of the legal subrogation, as fully as they were against the principal debtor himself. *C. C. Arts.* 2157, 2158. It results from this doctrine that the payment made by *Robinson*, who was also an accommodation endorser of the note, and as such is likewise viewed as a surety of the maker, did not extinguish the judgment, but the payment is considered in law as a sale to him of all the rights and actions of the judgment creditor. *Scott* v. *Featherston*, 5 A. 313.

The second ground relied on for the injunction is also untenable, for it has been held by this Court that where a drawer gives two endorsers as co-sureties, the one that endorses first is liable to the other for the whole debt. *Stone* v. *Vincent*, 6 N. S. 518. The well settled doctrine is that accommodation paper is governed by the same rules as other paper; and that the first accommodation endorser is liable to the second and subsequent endorsers, and the second to the third, and so on to the end of the endorsements.

In relation to the third ground for the injunction, the testimony establishes that *Robinson* agreed to endorse the note for the accommodation of the maker, *provided* that *Connely* would do the same; and that afterwards *Robinson* wrote the note payable to the order of *Connely*, and having endorsed it, delivered it to the maker for his signature, and for the endorsement of the payee. Those facts do not prove an express agreement on the part of *Robinson* to bear jointly with *Connely*, any part of the loss that might result from the endorsement of the note for the accommodation of the maker. On the contrary, the facts that the note was written payable to the order of *Connely*, and was made to bear his first endorsement, are strong circumstances in favor of the understanding of *Robinson* that *Connely* should become, as his endorsement shows, the first endorser of the note, and should incur the liabilities incident to that relation, although *Robinson* had first in point of time endorsed the note, even before it had been signed by the maker.

Strong evidence is required to vary the legal liability of endorsers as fixed by the *lex mercatoria*, for the effect of such evidence is to modify the rights and obligations of the endorsers in derogation of the law of their written contract, and such evidence has not been adduced by the plaintiff in this case. The fourth ground for the injunction is likewise untenable. The costs which had been incurred in prosecuting the suit on the note to judgment, formed a part of the debt which the first endorser, considered as a surety, was bound to pay to the judgment creditor, and the right to recover the costs as well as the principal and interest of the debt, was transferred to *Robinson* by the effect of the legal

subrogation which resulted from his payment to the judgment creditor. The judgment was, besides, *in solido*, and as such, was for the whole amount of costs against each of the defendants.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court below be avoided and reversed; and it is now ordered, adjudged and decreed, that the injunction sued out in this case be dissolved with five per cent. damages on the amount of the judgment enjoined, and that this suit be dismissed at plaintiff's costs in both courts.