## JAMES TODD & CO. v. B. F. YOUNG.

The death of a party to a suit is no cause for its dismissal : the survivors of the partnership or the legal representatives of the deceased may be made parties on petition.

APPEAL from the District Court of the Parish of Tensas, *Farrar*, J.
*Reeves, Collier & Farrar*, for plaintiffs and appellants. *P. B. Shaw*, for defendant.

LAND, J.    The question presented in this case for our decision is one of practice. The plaintiffs, *James Todd* and *John R. Pioneer*, who composed the commercial firm of *James Todd & Co.*, sued the defendant for a balance of account. After service of citation and before issue joined, *John R. Pioneer* died; and the defendant filed an exception to the right of the surviving partner, *James Todd*, to prosecute the suit and stand in judgment. Thereupon the surviving partner filed a supplemental petition, in which he prayed for permission, as liquidating partner, to prosecute the suit against the defendant for the benefit of the firm, and for such other relief as the nature of the case required. The plaintiff, in his supplemental petition, admitted the death of his partner. The exception was tried on the admission, and was sustained, and the suit dismissed at plaintiff's costs.

The District Judge should have overruled the exception and continued the suit, with leave to the surviving partner to make the legal representatives of the deceased, parties to the suit. *McCord* v. *The West Feliciana Railroad Company*, 1 R. 519.

It is therefore ordered, adjudged and decreed, that the judgment of the lower court be reversed, and this cause remanded for further proceedings according to law ; and that defendant and appellee pay the costs of this appeal.