No. 2590

Second Circuit

———

BANK OF BERNICE v. TANNER ET AL.

———

(April 5, 1929.   Opinion and Decree.)

———

Atkins and Meadors, of Homer, attorneys for plaintiff, appellee.

McClendon and Seals, of Homer, attorneys for defendants, appellants.

WEBB, J. Plaintiff, Bank of Bernice, brought this action against P. J. Tanner and L. D. Farley to recover judgment against them on a note which was drawn by Tanner payable to the order of Farley and endorsed by him and transferred to plaintiff.

Tanner did not make any defense, but Farley alleged, in substance, that his endorsement had been obtained by fraud, in that the note had been transferred to plaintiff with the understanding and agreement that plaintiff would rely solely upon the responsibility of the drawer, and that the endorsement was under the agreement of the parties for the restricted purpose of transferring the title.

On trial judgment was rendered in favor of plaintiff against both defendants as prayed for, and Farley appeals, and urges that the preponderance of the evidence established that the endorsement was made for the restricted purpose as alleged by him.

There had been some prior transactions between the parties, as to which, however, the evidence is not sufficient to enable us to state the exact details, but it is conceded that Farley, at the conclusion of the transactions, was indebted to plaintiff in the sum of eight hundred seventy dollars, and that in payment of the indebtedness he gave the note here sued upon, the face value of which is seven hundred dollars, and in support of the defense Farley and his son testified that at the time the note was transferred to plaintiff, which was represented by its president, Y. S. Fuller, it was agreed that the endorsement was made solely for the purpose of transferring the note and with the understanding that Farley should not be liable, while Fuller testified that there was not any such agreement.

It is clear that the delivery of the note with the endorsement, as made, evidenced a written contract as between the plaintiff and Farley.

"The contract created by the indorsement and delivery of a negotiable note, even between the immediate parties to it, is a commercial contract, and is not, in any proper sense, a contract implied by the law, much less an inchoate or imperfect contract. It is an express contract, and is in writing, some of the terms of which, according to the custom of merchants and for the convenience of commerce, are usually omitted, but not the less, on that account, perfectly understood. All its terms are certain, fixed and definite, and, when necessary, supplied by that common knowledge, based on universal custom, which has made it both safe and convenient to rest the rights and obligations of parties to such instruments upon an abbreviation. So that the mere name of the indorser, signed upon the back of a negotiable instrument, conveys and expresses his meaning and intention as fully and completely as if he had written out the customary obligation of his contract in full." Martin vs. Cole, 104

U. S. 30, 26 Law Ed. 647. Also Connelly vs. Bourg, 16 La. Ann. 108, 79 Am. Dec. 568.

The evidence shows that Farley was fully aware of the contract resulting from his transfer of the note with the endorsement as made, and that the note was given in payment at its face value, and the evidence strongly indicates that the drawer of the note was not in as good financial circumstances as the indorser, who, as stated, gave the note to plaintiff in payment of his debt, and these circumstances are to be considered in weighing the directly conflicting testimony of defendant Farley and his son as against the testimony of the president of the bank as to whether or not the agreement of the parties was different from that evidenced by the written instrument; and thus weighing the evidence, we are of the opinion that defendant failed to establish his defense.

The judgment appealed from is therefore affirmed.