ALLEN DOUGLASS & CO. v.
MARINE BANK & TRUST COMPANY

————

(May 27, 1929.   Opinion and Decree.)

————

Jas. N. Brittingham, Jr., Russell J. St. Paul, of New Orleans, attorneys for plaintiff, appellant.

Terriberry, Young, Rault and Carroll, of New Orleans, attorneys for defendant, appellee.

JANVIER, J.   J. H. Pugh owed Marine Bank & Trust Company $2,000, represented by a note for that amount, which note was secured by another note for $3,000 made by a third person and bearing the indorsement of still another person. Allen Douglass & Company, plaintiffs, had, or claimed to have, an interest to the extent of $1,000 in the collateral note. An arrangement was made by which Marine Bank & Trust Company agreed to increase the loan to Pugh to $3,000, with the understanding that $1,000, the proceeds of the additional loan, should be deposited with Marine Bank & Trust Company in the name of Allen Douglass & Company, and with the further understanding that a certificate of deposit in the name of Allen Douglass & Company should be issued by the bank and should be pledged by Allen Douglass & Company to the bank as security for the additional loan. In transmitting the certificate of deposit, Allen Douglass & Company, the owners thereof, addressed to Marine Bank & Trust Company a letter in the following words and figures, to-wit:

"New Orleans, Louisiana, August 21, 1920.
"Marine Bank & Trust Company,
"New Orleans, Louisiana.
"Gentlemen:

"We enclose herewith Certificate of Deposit, No. 121, dated this date, for $1,000.00, payable on demand, which Certificate we hereby hypothecate and pledge to you as collateral to a note of J. H. Pugh, for $3,000.00, dated today and payable November 4th, 1920.

"When this note is paid by Mr. Pugh, it is understood that you are to return the Certificate of Deposit to us.

"In the event that Mr. Pugh does not pay the note, you are authorized to cash the Certificate, at any time, at your option, and apply it on the note in question.

"Very truly yours,
"(SGD) Allen Douglass & Co."

Pugh paid on account of the $3,000 loan and the interest thereon a sum sufficient to reduce the balance to exactly $1,000.

Thereafter Marine Bank & Trust Company, having come to the conclusion that it could not collect the balance of the loan in any other way, in accordance with the letter of August 21st of Allen Douglass & Company quoted above, appropriated the amount covered by the certificate of deposit and thus paid to itself the balance due on the Pugh loan.

As the certificate of deposit had earned interest at 3 per cent for three years, there was a credit on the books of the bank of $105 and the bank sent to Allen Douglass & Company a letter on September 19, 1923, enclosing its check for $105, representing the said interest.

Allen Douglass & Company returned the said check, claiming that, in addition thereto, the bank should turn over to them the collateral note to which we have above referred, taking the position that the bank knew that they were interested in the said note to the extent of $1,000 and that, since they had paid the debt of Pugh, they were entitled to be subrogated to the bank's rights against Pugh and to Pugh's rights in and to the said collateral note. Our attention is directed to Article 2161 R. C. C., which provides that legal subrogation in certain instances takes place as a matter of right. Plaintiffs contend that they were sureties for Pugh and that since, as sureties, they paid the debt of Pugh, as a matter of right they were subrogated to the bank's claim against Pugh and to Pugh's rights in the collateral note, which latter note, they contend, the bank should have turned over to them. Our attention is directed to several cases, notably:

Brown vs. Staples, 138 La. 602, 70 So. 529;

Guarantee Bank vs. Canal Land, 161 La. 253, 108 So. 472;

Serra Hijo vs. Hoffman & Co., 30 La. Ann. 67;

Gay & Co. vs. Blanchard, 32 La. Ann. 503;

Scott vs. Featherston, 5 La. Ann. 306;
Connely vs. Bourg, 16 La. Ann. 109.

It seems to us, however, that none of these cases is in point here, because, whatever, as a matter of law, may have been the rights of the parties, plaintiff, as a matter of contract, by giving to defendant written instructions, in effect said to defendant that the carrying out of those instructions would discharge in full the duties and obligations of defendant to plaintiff. If plaintiff claimed any interest in the collateral note, and if plaintiff desired to call this interest to the attention of the bank and to require the bank to protect that interest, it should have included in the letter of August 21st some statement to that effect. As we read that letter it is nothing more than a direction

to the bank to the effect that plaintiff had on deposit with the bank $1,000 and that, in the event Pugh did not pay his loan, the bank should have the right to use the $1,000 towards the payment for account of Pugh. Surely, if plaintiff claimed any rights to any other collateral, they should have been asserted in that letter.

As to the $105, there is no doubt that this is due to Allen Douglass & Company.

The trial court awarded this to plaintiff and decided that defendant should pay the costs of court, because it had not made formal tender of this amount to Douglass & Company.

Although no formal tender was made, check representing the amount was sent to Douglass & Company, and the amount was deposited in the registry of the court. Had plaintiff withdrawn the amount from the registry of the court and dismissed its suit as to the balance, we can readily see how defendant should be required to pay costs, but the mere omission of the empty formality of making tender of an amount which plaintiff had already refused to accept, and which it again refused to accept when the amount was deposited in court, seems to us to be of no importance.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is amended so as to read as follows:

It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, Allen Douglass & Company, against the defendant, Marine Bank & Trust Company, in the full sum of one hundred five dollars ($105), and it is further ordered that there be judgment in favor of defendant, Marine Bank & Trust Company, against plaintiff, Allen Douglass & Company, dismissing plaintiff's suit as to all other demands, all costs to be paid by plaintiff.