## HARRIS v. CRISLER.

### No. 5762.

Court of Appeal of Louisiana. Second Circuit.

Feb. 6, 1939.

John F. Phillips, of Shreveport, for appellant.

C. B. Prothro and J. B. Crow, both of Shreveport, for appellee.

DREW, Judge.

The lower court in a written opinion has succinctly set forth the issues involved in this case. It is as follows:

"Plaintiff was the owner of a lot of household furniture located in the house numbered 1130 Busby Street, owned by defendant, and subject to his lessor's lien.

"It having been provisionally seized, Harris and Crisler entered into a written agreement whereby it was sold under the writ and bought in by Crisler with the understanding that both parties would try to sell it for as much as possible over Crisler's claim of $380.00, and the costs of two suits, amounting in all to $556.88, the excess to go to Harris. The term of agreement extended to November 1, 1935. If not sold by that time absolute title was to vest in Crisler.

"That compact was carried out up to the judicial sale. Plaintiff complains that within the time allowed, he found a purchaser able and willing to pay $800.00, but that Crisler would not and could not deliver the furniture because he had leased it for a period up to February 1, 1936; that for this reason he lost the sale and is entitled to judgment against Crisler for the difference between his claim and $800.00, alleged to be $250.00.

"Plaintiff also claims $50.00 for rent wrongfully charged to him, but offers no proof to the item.

"He also claims that Crisler paid a $79.00 account for him and charged him that amount, whereas he settled the account for $50.

"In a supplemental petition, plaintiff claims the further sum of $40.00, the value of a feather bed, victrola and china stand, not included in the above agreement, which defendant holds and refuses to deliver.

"It seems that the furniture was encumbered by a chattel mortgage amounting to $79.00, which Crisler was to pay off and charge to Harris. Crisler settled the account for $50.00 and charged Harris the full $79.00. We think it clear that he did not purchase the account, but did pay it off for Harris and that he could only charge him with the amount actually paid, or $50.00. Plaintiff is entitled to judgment for the $29.00. As stated, the $50.00 rent claim was unsupported by proof.

"The feather bed, victrola and china stand, according to plaintiff's own testimony, were left in the care of Mrs. Norwood, not Crisler.

"On page 7 of the testimony, we find: 'A. A feather bed and a few other things in controversy was left in the care of Mrs. Norwood, who is here to take care of for me.'

"Harris testified that he gave Mrs. Norwood an order on Crisler for these articles, but that Crisler refused to deliver them to her. Crisler testifies that Mrs. Norwood took charge of the house and furniture as his agent from the day of sale up to August 1, 1935. He does not deny possession of the articles or that he refused to deliver them to Mrs. Norwood on Harris' written order. Harris' testimony as to the value is uncontradicted. Plaintiff is entitled to judgment for the $40.00 claimed on this item.

"Crisler testifies that after purchasing the furniture which was in his house at sheriff's sale, he placed Mrs. Norwood in charge to run the house on a percentage, subject to the sale of the furniture at any time.

"On August 1, 1935, he says he leased to Mrs. Allen, but does not say whether he leased the house, furniture or both. Mrs. Allen testifies positively that she only leased the house and had no claim on the furniture.

"Harris testifies that he had an offer from a Mrs. Finney, of Texarkana, of $800.00 for the furniture. In corroboration, he offered a letter from her which was objected to and was inadmissible. He is contradicted by Crisler. A Mrs. Donham also went to look at the furniture, but would make no offer on it because she could not get the house. We are satisfied that whatever negotiations Harris had with these parties fell through because they could not get the house which was not included in the agreement.

"For the reasons above assigned, there is judgment in favor of plaintiff, Robert L. Harris, and against defendant, A. K. Crisler, in the full sum of $29.00, with legal interest thereon from judicial demand until paid. There is further judgment ordering defendant to deliver to plaintiff the feather bed, victrola and china stand or pay plaintiff $40.00; defendant to pay all costs of this suit.

"E. P. Mills, District Judge."

 Defendant perfected an appeal from the decision of the lower court. Plaintiff is satisfied with the decision and has not answered, therefore, the only items involved here are the two for which the lower court gave judgment. As to the item of $29, growing out of the settlement of plaintiff with the American Furniture Company, defendant does not contend that he purchased this account. The American Furniture Company held a chattel mortgage on the furniture above seized, belonging to plaintiff, which primed defendant's lessor's lien. After he and plaintiff had entered into the agreement upon which this suit is based, in order to clear the furniture, defendant paid the chattel mortgage. In doing so, he got a discount of $29, due to the fact that all payments on the note were not due at the time. He did not have the note endorsed to himself but, as is shown by the record, he had the chattel mortgage cancelled. Clearly, he could not hold plaintiff liable for more than the amount he paid in settlement of the indebtedness.

Plaintiff contended and testified that the feather bed, victrola and china stand for which the lower court awarded him judgment in the amount of $40, belonged to his daughter and son, and were left by them in his charge; that they were not included in the original seizure, therefore, there was no reason to release them. An objection that the writ and the return thereon were the best evidence was not made, and the testimony was allowed. De-

fendant made no denial of plaintiff's testimony on this point.

The lower court correctly awarded judgment for these items, or their value if not delivered.

The judgment of the lower court is correct and is affirmed, with costs.