84 So.2d 186

Mrs. Laura C. BUUCK, Widow of Albert G. Brown,

v.

Mrs. Genevleve FOS, wife of Raymond L. Williams, and Raymond L. Williams.

No. 42040.

Nov. 7, 1955.

Rehearing Denied Dec. 12, 1955.

Nicaud & Brister, René R. Nicaud, Hugh H. Brister, New Orleans, for appellant.

Charles G. Merritt, New Orleans, for appellees.

PONDER, Justice.

The plaintiff, Mrs. Laura C. Buuck Brown, brought suit on September 14, 1953, against the defendants, Mr. and Mrs. Raymond L. Williams, to set aside a transfer of property to defendants on the ground that the property was obtained from her through fraud and in the alternative that the purported sale was a donation omnium bonorum. The plaintiff died on October 15, 1953, before any pleadings had been filed by the defendants in the case. Her testamentary executrix was substituted plaintiff. Thereafter, the defendants filed a plea of abatement and, in the alternative, an exception of no cause or right of action. The trial judge, after submission of the plea and the exception, sustained the plea of abatement and the exception of no cause or right of action and dismissed plaintiff's suit. The judgment dismissing the suit was signed on July 15, 1954. The plaintiff has appealed.

The appellant contends that the action did not abate even though answer was not filed or issue joined. Appellant relies on the holdings in Todd v. Young, 16 La.Ann. 162 and McCord v. West Feliciana R. Co., 1 Rob. 519. Appellant also contends that Article 21 of the Code of Practice has been amended by Act 57 of 1954 specifically providing that an action would not abate at the death of one of the parties after suit was filed; that Act 59 of 1954 amending Section 3349 of Title 13 of the LSA–Revised Statutes provides that there are no exceptions to the rule that an action does not abate by the death of one of the parties after suit has been filed; and that this applies to all actions "now pending as well as those which may be hereafter instituted."

The amendments to the article of the Code of Practice and the section of the Revised Statutes, aforementioned, became effective on July 28, 1954, after judgment in this case had been rendered by the district court, after the order of appeal had been granted, and after the appeal bond had been posted on July 26, 1954.

We have examined the authorities cited by the appellant and find they are not applicable because, in both, suit was brought by partners, one of whom died, and the court held that his legal representative could be made a party to the suit. These cases did not present the situation where an only plaintiff was involved.

The appellant contends that the amendment to Article 21 of the Code of Practice and the amendment to LSA–R.S. 13:3349 is procedural and should be given a retrospective effect. While, on the other hand, the appellees take the position that these procedural provisions of the law cannot be given retrospective effect because appellees had a final judgment at the time these provisions became effective and, if they were given retrospective effect, it would deprive them of a vested right in violation of Article 4, § 15 of the LSA–Constitution of Louisiana.

Under the provisions of Article 539 of the Code of Practice a final or definitive judg-

ment is one which decides all of the points in controversy. Article 565 of the Code of Practice authorizes an appeal from such judgments. The appeal merely suspends the execution of the judgment pending review. Castelluccio v. Cloverland Dairy Products Co., 165 La. 606, 115 So. 796. Article 548 of the Code of Practice provides that "A judgment when once rendered, becomes the property of him in whose favor it has been given; and the judge cannot alter the same, except in the mode provided by law." Therefore, the amendments to the Code of Practice and the Revised Statutes, relied upon by the appellant, cannot be given a retrospective effect in this case because to do so would deprive the appellees of a vested right in violation of the Constitution.

Article 21 of the Code of Practice, before the amendment of 1954, provided: "Actions do not abate by the death of one of the parties after answer filed." This provision of the law contemplates the abatement of actions prior to the filing of an answer. Article 361 of the Code of Practice provides: "If after issue joined either the plaintiff or defendant die, it is not necessary to recommence the action * * *." This provision of the Code of Practice rec-ognizes that it is necessary to recommence the action if death occurs prior to the joining of issue. These articles of the Code of Practice were controlling at the time the judgment was rendered in the district court and must therefore be applied in this case.

While the suit appears to present a heritable action it is not necessary for us to pass on this question because it can be raised if and when the suit is recommenced.

For the reasons assigned the judgment of the lower court is amended by setting aside that part of the judgment sustaining the exception of no cause or right of action, and as thus amended the judgment is affirmed at appellant's cost.

SIMON, J., dissents.

FOURNET, Chief Justice (dissenting).

I cannot subscribe to the majority view that a heritable action abates upon the death of the plaintiff. I can think of no sound or logical reason that would support this conclusion. Such a holding can have no other effect than to delay the trial of the case, which is contrary to the policy now universally prevailing of expediting the administration of justice.