141 So.2d 166 (1962)
R. F. MESTAYER LUMBER COMPANY, Inc.
v.
Bill CUSACK, d/b/a The House of Decor, and Alphonse A. Michaels.
No. 501.
Court of Appeal of Louisiana, Fourth Circuit.
May 7, 1962.
Jorda S. Derbes, New Orleans, for Alphonse A. Michaels, appellee.
Lucas F. Bruno, Jr., New Orleans, for Bill Cusack, appellant.
Stewart & Mestayer, Henry F. Mestayer, New Orleans, for plaintiff and appellee.
Before McBRIDE, REGAN and SAMUEL, JJ.
McBRIDE, Judge.
R. F. Mestayer Lumber Company, Inc., a dealer in building supplies, recovered a judgment in solido against defendants, Cusack and Michaels, in the sum of $1,186.74, with legal interest from judicial demand, plus court costs; the judgment also recognized and maintained a materialman's lien and privilege in favor of plaintiff to said amount upon Michaels' interest in certain real property.
Michaels, as owner, engaged Cusack, as contractor, to do certain work, consisting of redecorating and remodeling at Michaels' premises; the agreement between the parties being verbally made, it, of course, *167 was not recorded. During the course of his job, Cusack ordered from plaintiff certain materials which were used in the work, and when Cusack did not pay the purchase price thereof suit ensued. Michaels was cast in the judgment under LSA-R.S. 9:4812, which in part provides that any person furnishing service or material or performing any labor on a building or other work to a contractor or subcontractor, when a contract, oral or written has been entered into, but no contract has been timely recorded, shall have a personal right of action against the owner for the amount of his claim, etc.
Michaels' suspensive appeal from the judgment was dismissed on the joint motion of the appellant and plaintiff for the assigned reason "the claim had been compromised." Michaels paid plaintiff in settlement of the judgment $1,300 which was a sum slightly less than the total amount due thereon. At the time of payment R. F. Mestayer Lumber Company, Inc., issued a document to Michaels reading in part as follows:
"Having received the sum of ONE THOUSAND THREE HUNDRED AND NO/100 ($1,300.00) DOLLARS from ALPHONSE A. MICHAELS under this judgment, and without prejudice to R. F. MESTAYER LUMBER COMPANY, INC., we do hereby approve, ratify, and confirm any subrogation which is effective by operation of law in favor of ALPHONSE A. MICHAELS against BILL CUSACK, * * *."
Shortly thereafter Michaels attempted to execute the judgment, which still stands in the name of R. F. Mestayer Lumber Company, Inc., by having a writ of fieri facias issued thereon and a notice of seizure served upon Cusack; whereupon Cusack brought suit for an injunction to restrain the execution on the ground:
"That petitioner alleges that there are certain equities existing between himself and Alphonse A. Michaels which arise out of the above captioned suit which have never been litigated nor adjudged by the Court. Further, that payment of the judgment by Alphonse A Michaels does not entitle him to collect the full amount of the judgment against his co-debtor but only to demand contribution."
The trial judge denied a preliminary injunction and Cusack's appeal from said denial is now before us for adjudication.
Michaels had an interest in discharging the judgment. He was liable thereon and a lien existed on his property. Subrogation takes place of right for the benefit of him who, being bound with others, or for others, for the payment of a debt, has an interest in discharging it. LSA-C.C. art. 2161. Such right of legal subrogation extends to every case where a person pays a debt which is to his interest to discharge. Decuir v. Carnes, 173 La. 563, 138 So. 103; Zeigler v. Creditors, 49 La.Ann. 144, 21 So. 666; Duchamp v. Dantilly, 9 La.Ann. 247.
The debt giving rise to the judgment was incurred by Cusack for his own individual account and only concerned him, Michaels' liability only flowing because of the effect of LSA-R.S. 9:4812, and Michaels in discharging the debt became Cusack's creditor for the amount, and all rights of the original judgment creditor became vested in Michaels. LSA-C.C. arts. 2103, 2104, 2106. Marfese v. Nelson, 10 Or.App. 288. Becoming legally subrogated to all the creditor's rights, he may use all means he can to enforce payment, including the liberty of executing the judgment in the name of the creditor. LSA-C.C. art. 2160; Steele v. Hough, 174 La. 441, 141 So. 22; Connely v. Bourg, 16 La.Ann. 108; Duchamp v. Dantilly, supra; Succession of Dorsey, 7 La. Ann. 34; King v. Dwight, 3 Rob. 2; Sprigg v. Beaman, 6 La. 59.
But, Michaels was subrogated only to the extent of his actual payment on behalf *168 of Cusack. The compromise of $1,300 inured as well to the latter, and the judgment may be executed for that amount only. Fidelity & Deposit Co. of Maryland v. Claiborne Parish School Board, 5 Cir., 11 F.2d 404; Succession of Dinkgrave, 31 La.Ann. 703; Connely v. Bourg, supra; Shropshire v. His Creditors, 15 La.Ann. 705; Fuselier v. Babineau, 14 La.Ann. 764; Roman and Kernion v. Forstall, 11 La.Ann. 717; Harris v. Crisler, La.App., 187 So. 91.
Appellant alleged in his petition for injunction that there exist certain equities between himself and Michaels which have never been litigated nor adjudicated by the court. Appellant cannot now assert such claim. In the suit in which the judgment was rendered Cusack made certain claims against Michaels and prayed that if R. F. Mestayer Lumber Company, Inc., recovered judgment against him, that he in turn have judgment against Michaels for the amount due him. The judgment is silent as to any disposition of Cusack's said demand and if he was aggrieved on that account, he should have appealed from the judgment but he did not. The silence of the judgment upon any part of a demand that might be allowed under the pleadings is a rejection of that part thereof, and such tacit rejection has the force and effect of res judicata against a subsequent claim for that part of the demand the court has so rejected. Wiggs v. Warren Realty Company, Inc., La.App., 106 So.2d 478, and the cases there cited.
The judgment appealed from being correct, it is affirmed.
Affirmed.