PER CURIAM.
As authorized by Section 25 of Article VII of the Louisiana Constitution of 1921 and by LSA-R.S. 13:4449, and in compliance with Rule XII, Section 4, of the Supreme Court, this Court does herewith apply to the Honorable, the Supreme Court of Louisiana, for instructions on a question of law arising in the above-captioned proceeding.

Facts.

The questions of law upon which we desire instructions arise in proceedings which are a sequel to prior decisions of this Court and of Your Honors. The chief issue involves the meaning and effect to be given an opinion of the Louisiana Supreme Court affirming on different grounds decisions of this Court and the trial court. The question appears to be a case of first impression involving a reconciliation of possible conflict in prior decisions of the Supreme Court and in the effect to be given to different articles of the Code of Civil Procedure.
The factual and legal background in the context of which the present questions arise is as follows:
The parties hereto, Effie Ardoin Pitre and Elin Pitre, were judicially separated by *683 judgment of September 11, 1961. On the same date, they entered into a partition of their community property.
Some time later, the wife filed suit to annul the partition on the grounds of lesion or fraud. The trial court annulled the partition solely on the ground of lesion.
A defendant in a suit for rescission on the ground of lesion has the right to prevent a new partition by giving to the plaintiff the supplement necessary to make up the difference between the amount received by the latter in the partition in the amount necessary to make up the latter’s full share. LSA-C.C. Article 1408. In round figures, the trial court found the net value of the 'community to be $228,000, with the wife’s half therefore being valued at $114,000, and that the wife received property valued at $79,000. Following the district court judgment, the present plaintiff husband then had the right to prevent a new partition by paying the wife the $35,000 plus interest which would make up her full share of the community. LSA-C.C. Arts. 1408, 1409; Planiol Civil Law Treatise (LSLI Translation, 1959) Vol. 3, No. 2430.
The trial court judgment ordering the partition was based solely upon lesion. The failure to annul the partition for the cause of action of fraud alleged, constituted a rejection of this part of the demand. Edenborn v. Blacksher, 148 La. 296, 86 So. 817; R. F. Mestayer Lumber Co. v. Cusack, (La.App, 4 Cir., 1962), 141 So.2d 166. The defendant husband appealed to us from the trial court judgment, but it was affirmed, the plaintiff wife neither appealing herself nor answering the husband’s appeal. Pitre v. Pitre, La.App, 162 So.2d 430.
The defendant husband alone applied to the Supreme Court for writs of review, which were granted at the husband’s instance. 246 La. 597, 165 So.2d 486. The plaintiff wife did not herself appeal for further review by the Supreme Court, and she in fact opposed the husband’s application for further review. Thus, at the time that the husband applied for writs and up until his application was granted, at least, the husband still had the right to cure the lesion and preserve the partition by depositing $35,000 plus interest into court.
When the Supreme Court granted the writ of review, it had the right and the duty to review the entire record and decide the matter as though it were brought to the court by direct appeal. Rigouts v. Larkan, 244 La. 479, 153 So.2d 363. However, this power of review and decision was limited by the principle that: “* * *i where a writ of certiorari is granted on the application of one party to a suit, the other party who has not applied for a writ of review cannot have the judgment amended or changed to his • benefit, and that the review by the Supreme Court will be con fined to the complaint of the party at whose instance the writ was granted.” Madison v. American Sugar Refining Co., 243 La. 408, 144 So.2d 377, 379.
The Supreme Court affirmed the Court of Appeal’s affirmance of the district court judgment setting aside the partition. 247 La. 594, 172 So.2d 693. However, the chief discussion in the opinion concerned the ground of rescission for fraud (which had been disallowed by the trial court). In the concluding paragraph, the Supreme Court noted that the partition must be set aside because of the husband’s “breach of his fiduciary duty”, resulting “in great advantage to him and great prejudice to his wife.” 172 So.2d 699. The court had earlier noted that; “We agree that the partition must be annulled, but prefer to rest our decision on other grounds than lesion. Under the view we take of the case, it will not be necessary to discuss the strict proof required in the usual case for a rescission on the ground of lesion.” 172 So. 2d 694. On the other hand, the Supreme Court likewise stated, with regard to valuations of the lower courts upon which lesion was found to have existed, that: “We agree with its (the court of appeal’s) findings on these matters, and shall not discuss them here.” 172 So.2d 697.
*684 Following the judgment of the Supreme Court, by the present proceedings under review the husband Elin Pitre came into court and deposited into the Registry of the court the sum of $41,000 (being the $35,000 plus interest required in supplement for the wife to receive her full half of the community), filing a rule directing the wife to show cause why the judgment annulling the partition on the ground of lis pendens should not be declared fully satisfied, and the notice of lis pendens filed by the wife can-celled from the records. After hearing, the trial court granted the husband the relief requested, and the wife appealed to this Court.
In this Court, in addition to urging that the trial court committed error, the wife has filed pleadings requesting that we certify the questions of this appeal to the Supreme Court, as involving an interpretation of the judgment of the Supreme Court which perhaps Your Honors alone can make. At issue is an interpretation of a possible conflict between two articles of the Code of Civil Procedure. Under LSA-C.C.P. Art. 2133:
“An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record, whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him and of which he complains in his answer.” (Emphasis added.)
Under this article, it may be argued, as the trial court held, that the lower court judgment and its effect may not be “modified, revised, or reversed” unless the ap-pellee files an appeal or answer to the appeal in order to secure such modification— in this case, the trial court holding that the wife was required to do so in order to secure the greater rights accruing to her by reason of an annulment of the partition on the ground of fraud, rejected by the trial court, instead of on the ground of lesion.
On the other hand, the wife’ points out that the trial court judgment ordered an annulment of the partition and that the reasons for judgment must be distinguished from the judgment itself, see LSA-C.C.P. Art. 1918. The wife further relies upon the provision of LSA-C.C.P. Art. 2164:
“The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. * t- *”
The trial court held that, under the jurisprudence noted by it, this means only that the appellate court may decide the matter upon any theory of the case deemed desirable by it, but that this power cannot modify the judgment under review to the appellant’s prejudice in the absence of appropriate appellate pleading by the appellee praying for the appellate court to so revise the judgment.
The question thus concerns the effect of the Supreme Court’s affirmance of the trial court judgment annulling the partition for lesion and not fraud. The trial court held that the affirmance, when the appellee did not file pleadings to modify the judgment, simply had the effect of affirming the trial court judgment for different reasons, but without changing its effect.
Under LSA-C.C.P. Art. 2082:
“Appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court.” (Emphasis added.)
Since the appeal merely suspends the execution of the trial court judgment pending review, (Buuck v. Fos, 228 La. 773, 84 *685 So.2d 186; Castelluccio v. Cloverland Dairy Products Co., 165 La. 606, 115 So. 796) the trial court held that the appellant husband’s unsuccessful appeal alone had sought to modify the trial court judgment decreeing annulment for lesion. When this judgment was affirmed on appeal, it was thus reinstated without modification by the appellate court, since the appellee wife had not herself sought appellate review to annul the partition instead on the more favorable ground to her of fraud.
This Court is itself divided in its appreciation of the effect of the decisions and code articles relied upon respectively by the husband and the wife. Since ultimately the question involves the interpretation of the meaning and effect of a decision of Your Honors in a case apparently of first impression, we have decided to exercise our constitutional authority to certify the questions of law here raised to the Supreme Court.
The questions upon which we desire instructions are these:
I.
Under the above circumstances, after the trial court rendered judgment, was it necessary for the wife under LSA-C.C.P. Art. 2133 to appeal or answer the appeal in order to have the appellate court change the grounds of the trial court judgment annulling the partition for lesion, and in order to have the partition annulled instead on the grounds of fraud so as to bar the husband’s right under LSA-C.C. Art. 1408 to cure the lesion by tendering her the supplement of her half of the community’s value ?
II.
With regard to the above facts, under the Supreme Court’s power specified by LSA-C.C.P. Art. 2164 to render any judgment which is just, legal, and proper, did the effect of the Supreme Court judgment changing the grounds for annulment from lesion to fraud have the effect of removing the husband’s former right under the trial court judgment to cure the lesion by ten-dermg to the wife the supplement of her half of the community’s value, even though the wife herself had not, by appellate pleading sought such change in the effect of the lower courts’ judgments?
Respectfully submitted,
ALBERT TATE, JR., PRESTON L. SAVOY, JOHN T. HOOD, JR., WILLIAM A. CULPEPPER, Judges.
FRUGÉ, J., recused.