ON REHEARING
REID, Judge.
This matter is before us on the rehearing granted by this Court from our original opinion and decree herein but which rehearing was limited to the question of whether or not we were correct in granting an injunction in favor of the defendant and against the plaintiff-appellant enjoining.the plaintiff from opening artificial drains in the banks of various channels.
On this issue the case was reargued and submitted.
It might be well to make a brief resume of the procedures taken in this case in order to clarify and pass upon the question of whether we were correct in issuing an injunction or granting injunctive relief herein. Plaintiff filed his suit against the defendant on May the 19th, 1964, seeking injunctive relief from the defendant blocking natural drains onto defendant’s property. The plaintiff’s property was located above or north of the defendant’s property. The defendant filed an answer on June the 16th, 1964 praying only that the demands of the plaintiff be rejected. Similar answer was filed to the rule for preliminary injunction.
On June the 17th, 1964, based on a stipulation by both parties, judgment was rendered in connection with the rule for preliminary injunction.
On or about March the 3rd, 1966, the defendant filed an answer and supplemental answer, which contained the following alternative prayer, to-wit:
“ ‘Defendant further prays in the alternative, and only in the event this court should decree that plaintiff’s Eldorado Plantation, or any part or parts thereof, is the dominant estate, and Defendant’s Kenmore Plantation, or any part or parts thereof, is the servient estate within the purview of Article 660 of the Louisiana Civil Code (all of which defendant has particularly denied), then judgment should be further rendered decreeing that Plaintiff may not cut or utilize ditches, canals, and other artificial channels, or construct and perform other artificial drainage works, so as to divert waters on the Eldorado Plantation from their natural flow and concentrate such waters so as to flow on the said Kenmore Plantation at a point or points which would not be their natural destination, nor perform any work whatsoever whereby such natural servitude would be rendered more burdensome.’ ”
*575 Case was duly tried on the merits and the Lower Court rendered its written reasons for judgment on June the 1st, 1967 and signed a formal judgment on June the 13th, 1967. From this judgment the original plaintiff appealed to this Court. The defendant did not take any appeal nor answer the appeal nor seek in the alternative any relief he might have considered as prayed for in its original and supplemental and amended answers but having received all of the relief that it prayed for was satisfied with the decision of the Lower Court.
The defendant-appellee in his brief urges that the judgment of the Court of Appeals is correct except that it wants the injunction broadened to restrain the plaintiff from using any artifical drains previously but that has the effect of increasing the burden on the defendant’s property.
According to this, the only question before us now is the question of whether we were correct in granting this injunctive relief. We feel like that we have made a mistake in granting such relief in view of the fact that the defendant-appellee failed to request such relief by an appeal from the original judgment in the alternative or by filing an answer to this appeal and asking even in the alternative for injunctive relief, which we saw fit to grant him in our original opinion.
LSA-C.C.P. Article 2133 reads as follows, to-wit:
“An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal stating the relief demanded, not later than fifteen days after the return day on the lodging of the record, whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him and of which he complains in his answer.”
The original judgment of the Trial Court was silent as to the question of injunctive relief and merely rejected plaintiff’s demand and dismissed his suit at his costs. We feel that the appellee should have filed an answer alternatively requesting that in the event the Court reversed the judgment of the District Court that it grant them the injunctive relief, which we granted in our original opinion. The defendant took the position that he won the'case in the lower court and was not necessary for him to take any appeal or to answer the appeal. Our courts have repeatedly held that silence in a judgment as to any part of the demand or prayer made in a litigation is a rejection of that part of the demand or prayer. See R. F. Mestayer Lumber Co. v. Cusack, La.App., 141 So.2d 166 and Montagne v. Tinker, La.App., 201 So.2d 701.
We believe that the case of Breland v. American Insurance Company, La.App., 163 So.2d 583 (2nd Cir., April 1, 1964); Writs Refused 246 La. 379, 164 So.2d 362 is in point.
In this Breland case, plaintiff sued defendant for damages arising from an automobile collision. The defendant denied any negligence and alternatively plead contributory negligence on the part of the plaintiff as a bar to his recovery. The Lower Court found the defendant negligent and also that the plaintiff was guilty of contributory negligence and dismissed plaintiff’s suit. Plaintiff appealed but the defendant did not appeal nor file any answer to plaintiff’s appeal. The Court of Appeal in that case held that because the Lower Court found both plaintiff and defendant negligent, and that the defendant did not answer plaintiff’s appeal, the question of defendant’s negligence was a matter foreclosed and no longer before the Court and accordingly only passed on the question of plaintiff’s contributory negligence.
Applying this case to the case at bar the Lower Court rendered judgment rejecting plaintiff’s demand and dismissing *576 his suit and was silent as to the question of any injunctive relief. Only the plaintiff appealed from this judgment and the failure of the defendant-appellee to either appeal or file an answer forecloses the question of injunctive relief.
The appellee urges that this Court has the power, under Article 2164 of the Code of Civil Procedure to render any judgment which is just, legal and proper upon the record on appeal. The redactors’ first comment under this article is:
“The purpose of this article is to give the appellate court complete freedom to do justice on the record irrespective of whether a particular legal point or theory was made, argued, or passed on by the court below.”
However, we have no quarrel with this article or the numerous cases upholding it but we hold that we cannot grant any judgment which we think fit and proper unless one of the parties litigant files the proper proceeding asking for the same.
For these reasons it is hereby ordered, adjudged and decreed that our original decree herein be amended, voided and annulled by striking out that portion of the same which reads as follows, to-wit:
“It is further ordered, adjudged and decreed that the preliminary injunction granted by the Trial Court prohibiting plaintiff, Jerry K. Nicholson, from opening artificial drains in the banks of the crevasse channels on Eldorado Plantation belonging to said plaintiff, being the same is hereby made permanent and said plaintiff perpetually so enjoined.”
And as amended our original judgment is hereby re-instated, and made the judgment of this Court, all costs including costs of appeal to be borne equally by appellant and appellee.
Amended and affirmed.