(137 So. 196)

**RAMOS v. RAMOS.**

No. 28771.

Oct. 31, 1927.

Geo. Montgomery and Charles Louque, both of New Orleans, for appellant.

Merrick, Schwarz, Guste, Barnett & Redmann, of New Orleans, for appellee.

OVERTON, J.

This is a suit for separation from bed and board. A rule was issued in the suit, at plaintiff's instance, ordering defendant to show cause why he should not pay her alimony pending the litigation. The rule was made absolute after hearing had, and defendant was ordered to pay plaintiff alimony, until the further orders of court, in the sum of $125 a month. In due time defendant applied for, obtained, and perfected a suspensive appeal to this court from the judgment ordering him to pay this alimony. Plaintiff has moved to dismiss the appeal as a suspensive one and to have it stand only as a devolutive appeal.

From the foregoing it is apparent that plaintiff does not question defendant's right to appeal from the judgment. In fact, the right to appeal from a judgment awarding alimony is clear, and jurisdiction to determine the appeal is vested in this court by the Constitution. Gormley v. Gormley, 161 La. 122, 108 So. 307; Const. art. 7, § 10. However, the contention of plaintiff is that one cast for alimony, pendente lite, has no right to a suspensive appeal.

In State v. Judge, 17 La. Ann. 186, it was said:

"Article 575 C. ·P. provides, that if the appeal be taken within a fixed delay, and a legal and sufficient bond be given, it shall stay execution and all further proceedings, until a definitive judgment be rendered on appeal.

"This is the general rule, to which exceptions exist only as established by law."

In State ex rel. Ingram v. Judge, 20 La. Ann. 529, it was said:

"A careful examination of Art. 564, 565, 575 and 580 of the Code of Practice, shows that the right to a suspensive appeal is the rule, and that it stays proceedings, except in cases specially excepted."

In Young v. Village of Bossier City, 152 La. 18, 92 So. 719, it was said: "It is immaterial what might or might not have been plaintiff's right to appeal had the injunction been dissolved by interlocutory judgment, on rule or otherwise. In the case before us there was, as above shown, a final judgment, disposing of the whole case on the merits, from which judgment plaintiff was entitled to an appeal as a matter of right. C. P. art. 565. And having the right of appeal, the law itself regulates the effect to be given to such appeal. The suspensive appeal is the rule (C. P. art. 575); the nonsuspensive appeal the exception (C. P. art. 580). That is to say some judgments may not be appealed at all. C. P. arts. 566, 567. But when appealable a judgment may always be appealed from suspensively, unless it come within one of the excepted classes."

There is no law denying to one cast for alimony, pendente lite, the right to appeal suspensively from the judgment rendered. Hence, in the absence of a law denying such right, the inference would seem to be, under articles 575 and 580 of the Code of Practice, and under the jurisprudence, cited above, that a judgment for alimony may be appealed from suspensively.

But plaintiff contends that to allow a suspensive appeal from such a judgment is to defeat the very purpose of the law in providing for the payment of alimony pendente lite, which is, as virtually declared by article 230 of the Civil Code, to provide for the nourishment, lodging, and support of the wife during the pendency of the litigation. While unquestionably the wife may suffer great inconvenience and deprivation by the allowance of such an appeal, yet, upon the other hand, it should be observed that, as appears from article 148 of the Civil Code, alimony is not necessarily due the wife pending the suit for separation, and should the husband be required to satisfy, pending the appeal, a judgment awarding it, he might suffer irreparable injury by being required to pay something which the appeal may disclose is not due. The Legislature, we think, with this situation before it, has disposed of the matter by allowing a suspensive appeal. If any change is to be made in the law in this respect, it must be made by that body.

For these reasons the motion to dismiss is denied.

O'NIELL, C. J., and LAND, J., dissent, and O'NIELL, C. J., assigns reasons.

O'NIELL, C. J. (dissenting).

It is well settled—and not disputed—that an order or judgment of the district court requiring the husband to pay his wife alimony pendente lite, in a divorce case, remains subject to change or revision by the district judge, even after an appeal and affirmance by this court. I cannot reconcile that rule with the ruling made in this case, that the husband may suspend execution or enforcement

of an order to pay alimony pendente lite, by appealing from the order. There is no danger of irreparable injury in the husband's being compelled to support his wife during the pendency of a suit for divorce. It is a matter merely of dollars and cents, as far as he is concerned. The reason why such orders remain in the discretion of the district judge is that he is in a better position than we are to judge of the exigencies of the case, the immediate needs of the wife, and the ability of the husband to pay. In case of an abuse of that discretion, resort might be had, of course, to the supervisory jurisdiction of this court, or to a devolutive appeal, with the right to a prompt hearing. But to give the husband the absolute right to a suspensive appeal is the same as to deny the district judge any discretion in the matter. For these reasons I respectfully dissent from the ruling that the appeal in this case stayed execution of the order to pay alimony pendente lite.