(118 So. 69)

No. 29110.

## SUCCESSION OF FERRILL.

July 2, 1928.   Rehearing Denied July 20, 1928.

Borah, Himel, Bloch & Borah, of New Orleans, for appellants.

J. J. Ritayik and W. O. Hart, both of New Orleans, for appellee Beulah Ferrill.

ST. PAUL, J.   One feature of this case has already been before us as No. 28553 of our docket (117 So. 562 [1]) decided April 9, 1928.

---
[1] Ante, p. 479.

The issue therein presented was whether a certain compromise and amicable arrangement between the heirs should stand or be set aside. Our ruling was that it should stand.

That matter has no bearing upon the issue now presented, except that the executors of the deceased, defendants in the rule herein taken, and appellees before this court, pleaded below and still urge before this court that the pendency of that appeal in this court divested the court below of all jurisdiction to proceed with the hearing of the present controversy.

## I.

The deceased left a net estate of over $60,000. He bequeathed to his unmarried daughter, Beulah T. Ferrill, one-half of one-third plus one-eighth of two-thirds (equal in all to one-fourth) of his said estate. So that her share in the estate exceeds $15,000.

He directed that her share of the estate be held in trust for her by the Canal Bank & Trust Company, and that she be paid $80 per month, primarily out of the revenues, but, if need be, out of the capital.

Miss Ferrill has no other means of support, and but for the kindness or charity of one of her brothers would have been utterly penniless and in sore distress ever since her father's death, August 17, 1926.

She asks the court to compel the executors to advance her the stipend out of the large cash balance in their hands. The trial court granted her request, and the executors appeal.

## II.

■ The executors resist her demand on the ground that the pendency of the appeal on the other phase of the case deprived the lower court of all jurisdiction to hear this phase of it.

The material issue involved in the other appeal was whether certain values should be *added* to the estate of the deceased, thereby *increasing* the amount to which Miss Beulah would be entitled.

And, since the amount coming to her *in any event* was far more than sufficient to pay the petty monthly installments clearly due her under the will, we fail to see how the pendency of that appeal could deprive the lower court of power to pay them to her, if otherwise entitled to them.

■ For the only effect of a suspensive appeal is to deprive the lower court of the power to execute the very judgment appealed from, which leaves the case in all other respects as if no such judgment had been rendered. The lower court retains jurisdiction of the case for all purposes *except* to execute the judgment appealed from. "An appeal or writ of error, as a rule, does not stay further proceedings in the cause in reference to rights not passed upon or affected by the order or decree appealed from, but only such as affect the execution or operation of such order or decree." 3 C. J. 1258, § 1370.

■ The contention that the Canal Bank & Trust Company should have been made a party to the rule against the executors is without merit. The bank has no interest in this controversy; it has only to receive and hold under the trust the amount which may in time be turned over to it by the executors. It would be an idle proceeding to make the bank a party to this rule, for the bank just now would have no other function to perform than merely to receive the amount to which Miss Beulah is entitled at this time and pay it over to her at once.

The proposition that Miss Beulah is entitled to receive nothing until the final settlement of the estate is untenable. The legacy to her was not of a lump sum of money; it was of a monthly stipend for her support; and the object of the testator would be completely defeated if the executors could withhold that monthly stipend indefinitely whilst settling up the details of the succession.

. ■ The suggestion that the monthly stipend to Miss Beulah cannot be paid because the inheritance tax has not yet been paid comes with bad grace from the executors, who have in their hands ample funds to pay said tax, and may do so at any moment. It appeals to us no more than to the trial judge.

### Decree.

The judgment appealed from is therefore affirmed.

(118 So. 70)