BRUNOT, Justice.
 

 The plaintiff and defendant were husband and wife. The plaintiff sued his wife for a separation from bed and board. Before answering the suit, the defendant ruled the plaintiff into court to show cause
 
 *705
 
 why he should not pay the defendant alimony-pendente lite, why he should not pay the costs she would be required to pay for answering the suit, and why he should not be condemned to pay her attorney’s fees. The answer to the rule is, in substance, a general denial of each and every demand of the plaintiff in the rule.
 

 On the issues thus joined, the rule was heard, and judgment was rendered thereon awarding the plaintiff in rule alimony at the rate of $40 per month, pendente lite, subject to a credit of $5 per week, which sum the plaintiff was already paying the defendant under a judgment of the juvenile court. There was further judgment in favor of the plaintiff in rule awarding her the sum of $15, the necessary costs for answering the petition and defending the suit, and ordering the plaintiff to furnish a bond in the sum of $150 to insure the payment of the defendant’s attorney’s fees. From this judgment the plaintiff obtained and perfected a suspensive appeal to this court.
 

 The defendant has filed a motion to dismiss the appeal. The motion to dismiss is based upon C. C. art. 148, and the dissenting opinion in Weyand v. Weyand, 169 La. 390, 125 So. 282. The appellant, in his opposition to the motion to dismiss the appeal, relies upon Const, art. 7, § 10; Gormley v. Gormley, 161 La. 121, 122, 108 So. 307; Ramos v. Ramos, 173 La. 407, 137 So. 196, 197. In the last-cited case, this court, on a motion' to dismiss the appeal, quoted from the cases of State ex rel. Crescent City Bank v. Judge, 17 La.Ann. 186, and State ex rel. Ingram v. Judge, 20 La.Ann. 529, and said:
 

 “There is no law denying to one cast for alimony, pendente lite, the right to appeal suspensively from the judgment rendered. Hence, in the absence of a law denying such right, the inference would seem to be, under articles 575 and 580 of the Code of Practice, and under the jurisprudence, cited above, that a judgment for alimony may be appealed from suspensively.”
 

 There was also a dissenting opinion in the Ramos Case, and substantially the same reasons were urged therein as were urged in the dissenting opinion in the Weyand Case.
 

 The same reasons assigned in the dissenting opinions in the cited cases are now reiterated in the appellee’s motion to dismiss this appeal. For the reasons assigned, the motion herein to dismiss the appeal is denied.
 

 O’NIELL, C. J., is of the opinion that an order of court ordering the defendant to pay alimony to his wife during the pendency of a suit for divorce or for separation from bed and board is only an interlocutory order, which cannot cause irreparable injury, and hence cannot be suspended by an appeal from the order.