**174 So. 351**

**COTTON v. WRIGHT.**

**No. 34316.**

April 26, 1937.

Harris Gagne, of Houma, for relator.

Cobb & Jones and Morris Wright, all of New Orleans, for respondent.

LAND, Justice.

The plaintiff, Coralie May Cotton, instituted suit in the Seventeenth district court for the parish of Terrebonne against Jasper K. Wright, her husband, for separation from bed and board, on the ground of cruel treatment and excesses, and also for alimony in the sum of $200 per month for the support of herself and minor children pendente lite.

In opposing the rule for alimony, defendant filed a motion to strike out, exceptions to the rule, and answer to the rule. Defendant also filed an exception of no cause of action to plaintiff's petition, and an exception to the jurisdiction of the court to order defendant to pay alimony.

The rule was taken up and tried on the exceptions filed by defendant, and on the merits and evidence adduced. Judgment was rendered March 12, 1937, overruling and dismissing the exceptions, and ordering defendant to pay to plaintiff alimony in the sum of $19.85 per week for the support and maintenance of herself and of her minor children, to be computed from February 8, 1937, until the further orders of the court.

It was further ordered in this judgment that the sum of alimony which had accrued since February 8, 1937, shall be paid by March 19, 1937, and that thereafter ali-

mony in the sum of $19.85 shall be paid to the plaintiff in rule weekly.

In other words, the defendant had to pay the accrued alimony on March 19, 1937, or go to jail, and he had to continue to pay the future alimony weekly, or go to jail.

Relator applied for a suspensive appeal from this judgment, which was refused by respondent judge, the Hon. Herbert B. Butler, judge of the Seventeenth judicial district court for the parish of Terrebonne. Thereupon, relator, after due notice, applied to this court for writs of certiorari, prohibition, and mandamus.

This court has repeatedly held that, under articles 575 and 580 of the Code of Practice, a judgment for alimony pendente lite may be appealed from suspensively. This is no longer an open question but is the settled jurisprudence on this subject. Weyand v. Weyand, 169 La. 390, 125 So. 282; Ramos v. Ramos, 173 La. 407, 137 So. 196; Demerell v. Gerlinger, 183 La. 704, 164 So. 633.

It is therefore ordered that the alternative writ issued herein be made peremptory, and that Hon. Robert B. Butler, judge of the Seventeenth district court for the parish of Terrebonne, be, and he is hereby, ordered to grant to relator, Jasper K. Wright, a suspensive appeal from the judgment ordering him to pay alimony to the plaintiff herein.

O'NIELL, Chief Justice (dissenting).

An order of court, in a divorce suit, compelling the husband to pay alimony, for the support of his wife during the penden-

cy of the suit for divorce, or for separation from bed and board, is not a final judgment, but is only an interlocutory order; and it cannot cause irreparable injury to the husband, because its purpose is merely to compel him to perform a duty, for the neglect of which he would be subject to criminal prosecution. Act No. 34 of 1902. Article 148 of the Civil Code declares that the judge *shall allow the wife* a sum sufficient for her support, proportioned to her needs and the means of her husband, "if the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce." Such an order is not a final judgment. In fact it is subject to revision or recision, or reinstatement, by the judge at any time. The only decrees that are subject to a suspensive appeal are final judgments and such interlocutory orders as may cause irreparable injury. I concede that if a judge should abuse the authority given to him by article 148 of the Civil Code his wrongdoing would be subject to correction under the supervisory jurisdiction of this court. But, to allow the husband a suspensive appeal from such an order, as a matter of absolute right, is, in my humble judgment, destructive of the purpose of article 148 of the Civil Code— to give immediate relief to a wife who has not sufficient income for her maintenance pending a suit for a divorce or for separation from bed and board.

For these reasons I respectfully submit that the judge of the district court was right in refusing to grant the defendant a suspensive appeal from the order to pay alimony pendente lite.