HIGGINS, Justice.
 

 The wife moved to dismiss the suspensive appeal taken by her husband from a judgment awarding her $300 per month alimony pendente lite in a separation from bed and board proceeding, alleging that the award is not a final judgment but an interlocutory order subject to modification in the discretion of the trial judge and that, as the husband will not suffer irreparable injury, his remedy is to invoke the supervisory jurisdiction of this court.
 

 
 *778
 
 In his brief, counsel for the plaintiff and appellee concedes that under recent decisions of this court, the husband who has been condemned to pay his wife alimony pendente lite, in a divorce or a separation from bed and board proceeding, is entitled as a matter of right to a suspensive appeal. -He contends, however, that under the early jurisprudence, Imhof v. Imhof, 1893, 45 La.Ann. 706, 13 So. 90, and the cases therein cited, this court recognized that an award of alimony pendente lite was merely an interlocutory order and subject to change according to circumstances and conditions, as the trial judge might determine. He also argues that the earlier cases adopt a sounder view of this problem.
 

 The defendant and appellant’s attorney counters by stating that no matter how interesting this legal question might be, it is now stare decisis.
 

 In the case of Cotton v. Wright, 187 La. 265, 266, 174 So. 351, 352, the wife sued the husband for a separation from bed and board on the ground of cruel treatment, and for alimony pendente lite. The trial judge condemned the husband to pay the wife alimony pendente lite in the sum of $19.85 per week for the support and maintenance of herself and 'her minor children. After the district court refused to grant the husband a suspensive appeal, he applied to this court for writs of certiorari, prohibition, and mandamus. In holding that the relator was entitled to a suspensive appeal and in directing the trial judge to grant him an order therefor, we said: “This court has repeatedly held that, under articles 575 and 580 of the Code of Practice, a judgment for alimony pendente lite may be appealed from suspensively. This is no longer an open question but is the settled jurisprudence on this subject. Weyand v. Weyand, 169 La. 390, 125 So. 282; Ramos v. Ramos, 173 La. 407, 137 So. 196; Demerell v. Gerlinger, 183 La. 704, 164 So. 633.”
 

 In the case of Demerell v. Gerlinger, supra, the husband sued his wife for a separation from bed and board. The district judge awarded the wife alimony at the rate of $40 per month pendente lite and the husband perfected a suspensive appeal therefrom. She moved to dismiss the appeal on the same grounds urged in the instant case and in deciding the issue adverse to her, the court said:
 

 “The defendant has filed a motion to dismiss the appeal. The motion to dismiss is based upon C.C. art. 148, and the dissenting opinion in Weyand v. Weyand, 169 La. 390, 125 So. 282. The appellant, in his opposition to the motion to dismiss the appeal, relies upon Const, art. 7, § 10; Gormley v. Gormley, 161 La. 121, 122, 108 So. 307; Ramos v. Ramos, 173 La. 407, 137 So. 196, 197. In the last-cited case, this court, on a motion to dismiss the appeal, quoted from the cases of State ex rel. Crescent City Bank v. Judge, 17 La.Ann. 186, and State ex rel. Ingram v. Judge, 20 La.Ann. 529, and said:
 

 . “ ‘There is no law denying to one cast for alimony, pendente lite, the right to appeal suspensively from the judgment rendered. Hence, in the absence of a law denying such right, the inference would seem to be, under articles 575 and 580 of the Code of Practice, and under the jurispru
 
 *780
 
 dence, cited above, that a judgment for .alimony may be appealed from suspensively.’ ”
 

 While this court has the power to modify and overrule its former decisions, it has never done so unless it appeared that error had been committed or that the rule announced therein was working hardships or injustices. In cases like the present •one, it' is true the wife may suffer some disadvantage in not receiving alimony during the pendency of the case on appeal, but if she is successful, she will receive the alimony awarded because the husband is required to furnish a solvent bond securing the payment thereof. On the other hand, if’ the husband is denied a suspensive appeal and is compelled to pay the wife alimony but eventually wins the case on appeal by showing that the wife was not entitled to such alimony, he will suffer a loss which cannot be recovered.
 

 In the light of the foregoing authorities, we consider the jurisprudence settled that the husband who is condemned to pay alimony pendente lite for the support and maintenance of his wife, is entitled to a suspensive appeal from such a judgment, in a divorce or a separation from bed and board proceeding.
 

 For the reasons assigned, the motion to dismiss the appeal is denied.