**36 So.2d 393**

### FORET v. GAUTREAUX.

No. 38949.

June 15, 1948.

C. A. Blanchard, of Donaldsonville, for relator.

Elton Darsey, of Houma, for respondent.

HAWTHORNE, Justice.

Relator is the plaintiff in a suit against his wife for separation from bed and board. On a rule to show cause issued in this suit, he was ordered by the court to pay his wife alimony pendente lite in the sum of $20 per week. This judgment making the rule absolute also granted to the wife the custody of their minor child and enjoined plaintiff from alienating or disposing of the community property during the pendency of these proceedings.

From this judgment insofar as it awarded alimony pendente lite, plaintiff moved for a suspensive appeal, which was refused. He then applied to this court for writs of certiorari, prohibition, and mandamus, which were granted, and the matter is now before us under our supervisory jurisdiction.

■ In 1927, in the case of Ramos v. Ramos, 173 La. 407, 137 So. 196, this court decided that a suspensive appeal lies from a judgment awarding alimony pendente lite. Since that decision, which was rendered over 20 years ago, the same question has been presented to this court at least four times, and the court has consistently followed the holding in the Ramos case. See Weyand v. Weyand, 1929, 169 La. 390, 125 So. 282; Demerell v. Gerlinger, 1935, 183 La. 704, 164 So. 633; Cotton v. Wright, 1937, 187 La. 265, 174 So. 351; Gravier v. Gravier, 1942, 200 La. 775, 8 So.2d 697.

It is true that two justices of this court dissented in the Ramos case, but we find it significant that in the case of Cotton v. Wright, supra [187 La. 265, 174 So. 352], one of the justices who dissented in the Ramos case was the organ of the court and in the course of the opinion stated:

"This court has repeatedly held that, under articles 575 and 580 of the Code of Practice, a judgment for alimony pendente lite may be appealed from suspensively. This is no longer an open question but is the settled jurisprudence on this subject.

Weyand v. Weyand, 169 La. 390, 125 So. 282; Ramos v. Ramos, 173 La. 407, 137 So. 196; Demerell v. Gerlinger, 183 La. 704, 164 So. 633."

■ In Gravier v. Gravier, supra, which is the last case on the subject so far as we have been able to ascertain, the late Justice Higgins as organ of the court said [200 La. 775, 8 So.2d 698]:

"While this court has the power to modify and overrule its former decisions, it has never done so unless it appeared that error had been committed or that the rule announced therein was working hardships or injustices. In cases like the present one, it is true the wife may suffer some disadvantage in not receiving alimony during the pendency of the case on appeal, but if she is successful, she will receive the alimony awarded because the husband is required to furnish a solvent bond securing the payment thereof. On the other hand, if the husband is denied a suspensive appeal and is compelled to pay the wife alimony but eventually wins the case on appeal by showing that the wife is not entitled to such alimony, he will suffer a loss which cannot be recovered.

"In the light of the foregoing authorities, we consider the jurisprudence settled that the husband who is condemned to pay alimony pendente lite for the support and maintenance of his wife, is entitled to a suspensive appeal from such judgment, in a divorce or a separation from bed and board proceeding."

Moreover, in the instant case respondent has filed no brief in this court and has advanced no reason why we should over-rule this settled jurisprudence.

█ For the reasons assigned, it is ordered that the alternative writs issued herein be made peremptory, and that the judge of the Seventeenth Judicial District Court for the Parish of Terrebonne be, and he is hereby, ordered to grant relator a suspensive appeal from the judgment order-ing him to pay alimony pendente lite to respondent herein.

O'NIELL, C. J., dissents, adhering to the opinion which he has expressed repeatedly, that an order on a husband to pay alimony for the support of his wife during the pendency of a suit for divorce is only an interlocutory order and that it cannot cause him *irreparable* injury, and that the allow-ing of a suspensive appeal from such an order is anomalous.

MOISE, Justice (dissenting).

An order of court compelling a husband to pay his wife and child alimony during the pendency of the suit, in the sum of $20 a week, is an interlocutory decree from which no appeal should lie unless that order causes irreparable injury:

Article 566 of the Code of Practice reads:

"One may likewise appeal from all inter-locutory judgments, when such judgment may cause him an irreparable injury."

It is difficult for me to understand in what respect a husband is caused irrepara-ble injury by being ordered to perform, by a judge, his legal obligation to support his wife and child. There is no finality to this order. It is pendente lite. It is at all times subject to change, to modification, and even, to being vacated, insofar as it relates to the wife, because, if the husband can show that the separation was caused through no fault of his, the alimony to her must be suspended. The district judge must be guided by the law and he is prohibited from fixing the alimony due the wife for more than one-third of the husband's in-come. See R.C.C. Art. 160. That is the maximum amount the judge can fix. He cannot fix the amount for any greater sum, but, he has been granted the discretion to fix it at a lower amount. The district judge is in a better position to know the needs of the parties than this Court. There is testimony as to the income of the hus-band, the necessities of the wife, and he has heard the witnesses and is in a better posi-tion to judge their credibility.

This suspensive appeal from the judg-ment of alimony for $20 a week to the wife and child also suspends the payment of alimony to that child. The only irrepara-ble injury that is done is to the child, by the granting of this appeal. This child may or may not receive the necessities of life by reason of this appeal. Therefore, this is a compelling reason why the juris-prudence should be changed.

I respectfully dissent from the majority opinion handed down by this court.