HAMLIN, Justice
(dissenting).
I disagree with the finding of the majority opinion that the judgment of alimony signed July 10, 1959 (this award was part of the judgment granting plaintiff wife a separation from bed and board) superseded and made non-effective 'the previous judgment of alimony pendente lite from which no appeal was taken.
In answer to an order by this Court to show cause why the relief prayed for by relator should not be granted, the trial judge set forth that the judgment of separation from bed and board and the fixing of alimony therein had no effect on the judgment of alimony pendente lite of April 10, 1959. It was his opinion that since no appeal wa-s taken from the latter judgment, it was still in full force and effect and could be validly enforced by the trial court.
When defendant appealed suspensively to this Court from the judgment of July 10, 1959, his appeal had the effect of suspending the execution of that judgment only, which judgment decreed the separation from bed and board, the payment of $200 per month for the support of his minor children, and the reservation of plaintiff’s right to claim alimony. LSA-R.S. 13 :4212; Louisiana Code of Practice, Article 575.
“The effect of a suspensive appeal from a judgment is to prevent its be *501 ■coming effective or executory while the appeal is pending. * * * ”, Zwikel v. Zwikel, 154 La. 532, 97 So. 850. See, Eiermann v. Modenbach, 198 La. 1062, 5 So.2d 335; Buuck v. Fos, 228 La. 773, 84 So.2d 186.
“ * * * A judgment cannot be effectively executed, even to the extent ■of recording it on the mortgage record, pending a suspensive appeal, or until the judgment has become final and ■executory. * * * ” State ex rel. Macheca v. Dunn, 148 La. 460, 87 So. 236.
“ * * * the only effect of a sus-pensive appeal is to deprive the lower court of the power to execute the very judgment appealed from, which leaves ,¡the case in all other respects as if no such judgment had been rendered. * * * ” (Emphasis mine.) Succession of Ferrill, 166 La. 879, 118 So. 69.
“ * * * A suspensive appeal terminates the authority of the court below to take any action which amounts to an execution or enforcement of the judgment. The said judgment is not vacated or set aside by the suspensive appeal, but stays execution of all further proceedings until definitive judgment be rendered by the appellate court.” State v. Yaun, 235 La. 105, 102 So.2d 862, 864.
In view of the foregoing authorities, I cannot agree with defendant relator’s contention that the suspensive appeal taken from the judgment of July 10, 1959, supra, had the effect of suspending the judgment of April 10, 1959 (the judgment increasing the award to plaintiff of alimony pendente lite to $200.00 per month) from which no appeal was taken. That judgment was a distinct executory judgment from which defendant could have appealed sus-pensively.
“In 1927, in the case of Ramos v. Ramos, 173 La. 407, 137 So. 196, this court decided that a suspensive appeal lies from a judgment awarding alimony pendente lite. Since that decision, which was rendered over 20 years ago, the same question has been presented to this court at least four times, and the court has consistently followed the holding in the Ramos case. See Weyand v. Weyand, 1929, 169 La. 390, 125 So. 282; Demerell v. Gerlinger, 1935, 183 La. 704, 164 So. 633; Cotton v. Wright, 1937, 187 La. 265, 174 So. 351; Gravier v. Gravier, 1942, 200 La. 775, 8 So.2d 697.” Foret v. Gautreaux, 213 La. 1083, 36 So.2d 393. See, Lodatto v. Lodatto, 238 La. 305, 115 So.2d 359.
When the time elapsed and defendant did not appeal suspensively from the judgment of April 10,1959, supra, that judgment became the property of plaintiff.
“A judgment, when once rendered, becomes the property of him in whose favor it has been given; and the judge can not alter the same, except in the mode provided by law.” Louisiana Code of Practice, Article 548. See, Buuck v. Fos, 228 La. 773, 84 So.2d 186. Cf. Wainwright v. Wainwright, 217 La. 563, 46 So.2d 902; Arabie v. Arabie, 230 La. 1036, 89 So.2d 890.
Because of the foregoing conclusions, it naturally follows that the next question posed for determination is: What effect, if any, did the judgment of July 10, 1959 (from which a suspensive appeal was taken) have on the judgment of April 10, 1959 (which constituted the property of the plaintiff) under which plaintiff had received payments and now demands further execution.
The judgment of April 10, 1959 was awarded under the provisions of Article 148 of the Revised Civil Code which provides that, “If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her hus *502 band.” The judgment enforced the obligation of fidelity and the duty of support and assistance which the husband owed the wife. Hillard v. Hillard, 225 La. 507, 73 So.2d 442; Boucvalt v. Boucvalt, 235 La. 421, 104 So.2d 157.
“Article 148 has for its purpose the enforcement of the husband’s obligation of support of his wife as it exists under Article 120 of the Civil Code, which continues during the pendency of a suit for separation from bed and board or for divorce and does not terminate until the marriage is dissolved either by death or by divorce. While the suit is going on the obligation still exists and, whether the wife is the one who is suing or is being sued, if she has not a sufficient income for her maintenance, the judge shall allow her a sum for her support, the amount to be gauged according to what her needs are and what are the means of her husband. * * * ” Smith v. Smith, 217 La. 646, 47 So.2d 32, 34.
The jurisprudence cited and quoted, supra, impels me to conclude that the judgment of-July 10, 1959 had no effect upon and did not supersede or vacate the judgment of April 10, 1959.
Defendant did not invoke any of the provisions of Article 556 of the Louisiana Code of Practice.[2] He did not file proceedings to reduce the áward of April 10, 1959; on the contrary, he partially complied with the judgment by making four payments — July 15, 1959, $87.50; August 1959, $175; September 1959, $175; October 1959, $75 — after the rendition of the judgment of separation from bed and board. Of course, this judgment for alimony pendente lite could be terminated by a dissolution of the instant marriage by death or divorce. Murphy v. Murphy, 229 La. 849, 87 So.2d 4; Eals v. Swan, 221 La. 329, 59 So.2d 409; Bien-venue v. Bienvenue, 186 La. 429, 172 So. 516.
“This last mode can only be exercised by minors, or persons who were absent when judgment was rendered against them.” ' ‘
I further believe that the following statement from the case of Donnels v. Bouillion, 165 La. 145, 115 So. 439, 440, corroborates my findings herein:
“In our opinion the order for alimony pendente lite did not cease to continue in force after the signing of the judgment on the merits. The purpose of that alimony is to provide for the sustenance of the wife pending the litigation. No appeal has been taken from the order granting it. The sus-pensive appeal from the judgment on the merits was taken promptly after that judgment was signed. The litigation therefore continued to pend after the judgment on the merits was signed, and for that matter is still pending, though pending on appeal. There is nothing in the judgment, rendered on the merits, setting aside the order granting that alimony, nor has the order been vacated or even modified by any other decree. To the contrary, the judgment on the merits preserves the order, for it reserves all the rights of the wife, which includes alimony as fixed by the order pending the litigation.”
In the instant case, the judgment of July 10, 1959 makes no reference to the alimony award of April 10, 1959.
Revised Civil Code Article 148 plainly provides for alimony “pending the suit for separation from bed and board.”
What is meant by a “pending” suit?
A suit is deemed to be pending from the time it is commenced until its final determination on appeal. 1 Am.Jur., Actions, Sec. 64, p. 455; 1 C.J.S. Actions § 142, p. 1421.
*503 In Scherrer v. Caneza, 33 La.Ann. 314, this Court held that a suit is still pending as long as the judgment remains unsatisfied. This case, though old, was cited with approval in 1943 in Jaubert Bros., Inc. v. Landry, La.App., 15 So.2d 158.
In the instant case, the matter of the separation from bed and board between the parties is pending in this Court on appeal.
The facts of the case of Starns v. Starns, 174 La. 743, 141 So. 447, are similar to those of the instant case; the legal question is identical. However, our Learned Brother who authored the opinion in the Starns case overlooked the provisions of the Code of Practice relating to suspensive appeals, the authorities with regard to the effect of suspensive appeals, the authorities to the effect that a judgment when once rendered becomes the property of him in whose favor it has been given. Associate Justice St. Paul dissented without assigning reasons, and Chief Justice O’Niell dissented on the ground that a judgment ordering the payment of alimony pendente lite remains in force pending an appeal from the judgment of separation or divorce.
Because of my conclusions that the judgment of July 10, 1959 in the instant matter had no effect upon and did not supersede or vacate the judgment of April 10, 1959, I am of the opinion that we should overrule the holding of the Starns case to the effect that a second judgment for alimony, incorporated in a judgment for separation from bed and board from which a suspen-sive appeal was taken, having been rendered later in point of time, must prevail and must be considered as having vacated or superseded a first judgment for alimony pendente lite from which no appeal was taken.
I find no merit in relator’s contention that the trial court was divested of jurisdiction of the entire matter after he perfected his suspensive appeal from the judgment of July 10, 1959.
Since relator did not appeal from the judgment of April 10, 1959, granting alimony pendente lite, and this is a proceeding to assess past due alimony under said judgment, it is my further opinion that the trial court was vested with jurisdiction in this incidental matter. Cf. Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321; Salles v. Salles, 187 La. 914, 175 So. 618.
I respectfully dissent.
HAWTHORNE, J., concurs.

. “Methods enumerated — Definitive judgments may be revised, set aside or reversed: 1. By a new trial. 2. By appeal. 3. By action of nullity. 4. By rescission.