139 So.2d 762

Mrs. Esther BECKER, Wife of
Nathan SHAPIRO

v.

Nathan SHAPIRO.

No. 45767.

March 26, 1962.

Sydney J. Parlongue, New Orleans, for defendant-appellant.

Sam Monk Zelden, Max Zelden, New Orleans, for plaintiff-appellee.

SUMMERS, Justice.

Alleging that her husband, Nathan Shapiro, had been guilty of cruel treatment which rendered their living together insupportable, Esther Becker Shapiro obtained a judgment of separation from bed and board, custody of the only remaining minor child of the marital union and an award of $100.00 per week as alimony for the support and maintenance of herself and the minor child.

From this judgment the husband, on November 6, 1958, obtained an order of suspensive [1] and devolutive appeal to the Court of Appeal, Fourth Circuit.

According to representations of counsel to this Court, the question of the merits of the separation from bed and board and the question of the quantum of alimony were presented by oral argument and by briefs in the Court of Appeal. On January 23, 1961, the Court of Appeal rendered judgment reversing the lower court and re-

jecting the wife's demand, expressing the opinion that it found no valid ground existed to warrant a decree of separation from bed and board. No mention was made of the alimony award, although the decree stated that " * * * the *judgment appealed from is reversed* and it is ordered that there be judgment in favor of the defendant and against the plaintiff, rejecting the latter's demand." (Emphasis added.)

The wife made timely application for rehearing which was granted without limitation on February 13, 1961. During the course of argument on this rehearing it was disclosed by admission and stipulation of counsel, and thus brought to the attention of the Court of Appeal for the first time, that a final judgment of divorce had been rendered between the parties during the pendency of the appeal from the judgment of separation from bed and board.

On the Authority of Sampognaro v. Sampognaro, 213 La. 814, 35 So.2d 742, and Cotton v. Wright, 193 La. 520, 190 So. 665, the Court of Appeal held that the suit for separation from bed and board abated and ceased to have any legal existence after a judgment of divorce had been granted be-

---

I. Under subsequent statutory authority, LSA–C.C.P. Art. 3943, an appeal from a judgment awarding alimony *"shall not"* suspend the execution of the judgment. At the time of the appeal in this case, however, the jurisprudence permitted suspensive appeals from judgments awarding alimony. See Foret v. Gau-

treaux, 213 La. 1083, 36 So.2d 393 (1948); Gravier v. Gravier, 200 La. 775, 8 So.2d 697 (1942); Demerell v. Gerlinger, 183 La. 704, 164 So. 633 (1935); Weyand v. Weyand, 169 La. 390, 125 So. 282 (1929); Ramos v. Ramos, 173 La. 407, 137 So. 196 (1927).

tween the parties. The case was then declared moot and the appeal was dismissed on June 12, 1961.

Thereafter, on June 19, 1961, the husband applied for a rehearing from the judgment which dismissed the appeal. The application set forth that the dismissal of the appeal denied him the right to an adjudication on appeal of the question of the correctness of the amount of the alimony award—that question not having been previously adjudicated on appeal. The application for rehearing was denied. We granted certiorari to review the action of the Court of Appeal.

■ The question of the merits of the suit for separation from bed and board is no longer before this Court. That issue was abated and rendered moot by the judgment of divorce which we understand was rendered prior to any judgment in the Court of Appeal on the suit for separation. All parties concede the correctness of this conclusion. See Sampognaro v. Sampognaro and Cotton v. Wright, supra.

■ It is well settled, however, that alimony rights acquired by virtue of a judgment of separation, and from that date until the final decree of divorce, remain unaffected by the divorce decree. Thornton v. Floyd, 229 La. 237, 85 So.2d 499. Nor is this alimony dependent upon the merits of the wife's suit. Murphy v. Murphy, 229 La. 849, 87 So.2d 4. However, we do not

understand that this rule denies the right to an appellate review of the correctness of the amount of such an award.

The essence of the husband's complaint is that no appellate review has been had of the correctness of the amount of the alimony awarded by the District Court in the judgment of separation from bed and board which was effective November 5, 1958; and that the dismissal of the appeal on June 12, 1961, denies him the right to an appellate review of that issue.

The Court of Appeal, in rejecting the husband's contention, held that the suspensive appeal from the judgment of the District Court, which granted both a separation from bed and board and awarded alimony, placed both questions before that Court. Further, that Court pointed out that the husband's prayer for relief contained in his brief was "that there should be judgment * * * holding that the evidence and the law is not sufficient to warrant a judgment granting a separation from bed and board and, accordingly, the judgment of the lower Court should be reversed; in the alternative, should this Court find that the judgment of separation from bed and board is proper, then in that event the Court should render judgment fixing the alimony to be paid by the husband at the sum of $40.00 per week."

The Court was of the opinion that its first decree gave to the appellant husband

the relief which he sought when judgment was rendered in his favor and against the wife "rejecting the latter's demand." It was observed in the Court of Appeal's opinion on that occasion that this judgment did not relieve the husband from the obligation of paying alimony for the support of his wife and child, nor was the wife prevented from later seeking the unpaid alimony installments which accumulated between the date of the judgment awarding the alimony and the final decree of divorce. Additionally, the Court noted that the husband did not timely apply for a rehearing from that first decree and that his subsequent application came too late. We understand this to mean that the Court of Appeal was of the opinion that, inasmuch as the prayer for reduction of the alimony award was couched in the alternative, the main relief demanded having been granted reversing the decree of separation from bed and board, the Court could not also grant a reduction of alimony which was the alternative relief prayed for.

The husband's position on oral argument, as we understand it, is that the judgment rejecting the wife's demand on the suit for separation from bed and board did not require him to apply for a rehearing from that judgment for, in effect, he had won his case as that judgment reconstituted the marriage relationship as though no suit had been filed. The alimony award was then either rendered moot because it was uncollectible on the theory that a wife cannot sue her husband,[2] or denied by virtue of the language of the decree itself wherein the judgment of the District Court was reversed and the wife's demand rejected. Thus, the case remained in this posture until the subsequent action of the Court on rehearing. At that time, the rehearing having been granted upon the application of the wife reinstating the judgment appealed from until disposed of on rehearing, all issues were again before the Court. By dismissing the husband's appeal on that rehearing the Court not only dismissed his appeal on the issue of the separation, but also dismissed his appeal on the question of the correctness of the amount of the alimony award. This had the effect of denying him a review of the lower court decree fixing the amount of alimony. That is to say, although the issue of the separation became moot and was abated by the divorce decree, that abatement had no effect on the correctness of the amount of the alimony award during the period from the date of separation to the date of the divorce decree, and the husband was entitled to an appellate review of that question. Properly, the Court should then have declared the question of the separation from bed and board moot and no longer in existence and should have proceeded to pass upon the

2. Code of Practice, Article 105, LSA–R.S. 9:291.

correctness of the amount of the alimony award during the interim between the separation decree and the date of the divorce decree. For, though the husband was not relieved of the obligation to pay alimony during that period, he was entitled to an appellate review of the correctness of the amount.

The Court of Appeal erred in not reviewing the correctness of the alimony award. Although that Court considered and quoted the concluding paragraph of the husband's brief and denominated that language as the prayer of his appeal, it was not in fact a part of his pleadings. The formal pleadings, the motion and order of appeal, made reference to and granted a suspensive and devolutive appeal from the judgment of the District Court dated November 5, 1958, which was a judgment granting a separation "a mensa et thoro" and also condemning the husband to pay alimony for the support and maintenance of the wife and child. It was incorrect to attribute more meaning to the final paragraph of the brief in which the husband submitted the issues and to permit that statement to supersede the formal pleadings in the record. We find this to be true under the circumstances of this case for the issue of the correctness of the amount of the alimony award was urged before the Court of Appeal at all times with as much emphasis as the issue of the merits of the separation.

The first decree of the Court of Appeal, therefore, constituted a rejection of all of the wife's demands; but inasmuch as that Court could not validly deny the wife alimony during the pendency of the appeal, her entitlement to alimony not being dependent upon the merits of her suit for separation, it was necessary for the Court to pass upon the correctness of the amount. This they did not do. Thereafter, the wife made application for and was granted a rehearing. She was entitled to this relief for she was aggrieved by the decree of the Court of Appeal with respect to both issues —the merits of the separation from bed and board and the denial of alimony. The granting of the rehearing reinstated the judgment appealed from until disposed of on rehearing.

If we do not consider the fact that a divorce decree had previously been rendered, the husband reached this stage of the proceedings ostensibly in full possession of his rights to an adjudication of all issues. However, when the stipulation revealed that the parties had previously been divorced, the matter of the merits of the separation from bed and board was rendered entirely moot as of the date of that divorce decree. The issue of the correctness of the amount of the alimony award, however, having been kept alive until that time and not being rendered moot, was properly before the appellate court for review insofar as the interim period between

the separation and divorce decrees was concerned. The Court, however, dismissed the entire suit as moot.

From this action of the Court the husband made timely application for rehearing which was denied. His application was timely to this Court for review of the decision of the Court of Appeal, and we find he is entitled to an appellate review of the question of the correctness of the amount of the alimony award for the interim period between the separation and divorce decrees.

■ On the basis of this conclusion we reiterate what was said in Mataya v. Delta Life Ins. Co., 222 La. 509, nn. 515 & 516, 62 So.2d 817, nn. 819 & 820:

"Although this Court is vested with the power to dispose of the case finally on a writ of review, see Section 11 of Article 7 of the Constitution; Oil Field Supply & Scrap Material Co. v. Gifford Hill & Co., 204 La. 929, 16 So.2d 483, it would appear to be the better practice to remand the case to the Court of Appeal in instances where that Court has not had the opportunity, or has found it unnecessary, to review the merits of the controversy under its appellate jurisdiction. This is especially true, in a case like this, where the writ has been granted for the specific purpose of reviewing a particular ruling of law."

The record is to be completed by filing therein a certified copy of the judgment of divorce between the parties. Rosier, et al. v. Good Pine Lumber Co. of La., et al., 221 La. 531, 59 So.2d 826.

For the reasons assigned, the action of the Court of Appeal denying Nathan Shapiro's application for rehearing is set aside; and this cause is remanded to that Court for proceedings consistent with the views expressed herein, all costs to await final determination.