223 So.2d 826

**Dora T. SMITH, Tutrix of Cinderella Smith,**

**v.**

**HARTFORD ACCIDENT AND IN-DEMNITY COMPANY et al.**

**No. 49534.**

June 9, 1969.

Rehearing Denied June 27, 1969.

Pittman & Matheny, Tom H. Matheny, Hammond, for defendants-appellants.

Edwards & Lagarde, Jesse P. Lagarde, Amite, for plaintiff-appellee

McCALEB, Justice.

We granted certiorari to review a judgment of the Court of Appeal, First Circuit, dismissing the suspensive appeal taken herein by defendants, Hartford Accident and Indemnity Company, Edward Butler, Jr. and Kent Enterprises, Inc., 211 So.2d 103. The Court of Appeal held that the appeal was taken from the judgment refusing a new trial, an interlocutory unappealable judgment and, therefore, dismissed it on authority of our decision in General Motors Acceptance Corporation v. Deep South Pest Control, Inc., 247 La. 625, 173 So.2d 190 (1965).

A motion to dismiss the appeal had been filed in the Court of Appeal by plaintiff on the ground that the motion for the suspensive appeal had not been timely filed. It was alleged that defendants had not requested in writing, as prescribed by Article 1914 C.C.P., the clerk of the trial court to notify defense counsel of the rendition of all interlocutory judgments or orders and, hence, the suspensive appeal was not taken within fifteen days, as provided by Article 2123(2) C.C.P., from the date (January 15, 1968) of the judgment overruling the motion for a new trial.

The Court of Appeal did not consider this basis for the dismissal of the appeal, but instead decided, sua sponte, that the appeal had been taken from the judgment refusing a new trial and not from the adverse judgment on the merits because the petition for appeal "specifically and categorically" states the intent to appeal from the judgment dismissing the application for a new trial. Accordingly, it held that the matter is controlled by our ruling in General Motors Acceptance Corporation v. Deep South Pest Control, Inc., supra, and the appeal cannot be saved from dismissal under the principle favoring appeals which was applied in the circumstances presented in our 1967 decision in Kirkeby-Natus Corporation v. Campbell, 250 La. 868, 199 So. 2d 904.

The record shows that, on September 12, 1967, the trial court signed a judgment for damages in favor of plaintiff and against all defendants in the sum of $95,948.35. On September 15, 1967, defendants moved for a rehearing and/or new trial, which motions were heard on October 20, 1967 and taken under advisement. These motions were denied on January 15, 1968, and judgment was signed on January 18, 1968. The Clerk of Court mailed a notice of the dismissal of the rule for a new trial on January 23, 1968 to the defendants' attorney of record. There is dispute between

the parties about the date of the notice, plaintiff contending that notice was not requested and that the only date on which the notice was mailed was January 15, but the record shows certification by the Clerk that a notice was also mailed on January 23, 1968.

On February 1, 1968, defendants moved for a suspensive appeal "from that certain judgment rendered in this cause on the 18th day of January, 1968." It is also stated in the petition for appeal that "The judgment desired to be appealed from is a judgment dismissing a rule for a new trial." However, the order of appeal declares that the defendants " * * * be and they are hereby granted a suspensive appeal from the judgment rendered in the above entitled and numbered cause * * * upon his (sic) furnishing bond * * * conditioned as the law directs * * * " in the amount of $161,765.00.

A suspensive appeal bond, conformably with the order signed by the judge, in the sum of $161,765.00 was filed on February 1, 1968. This bond was signed by Iddo Pittman, Jr., as surety. Plaintiff later questioned the genuineness of the signature of the surety on the bond and, on February 7, 1968, another appeal bond for the same amount was filed with Aetna Casualty and Surety Company as surety.

On February 29, 1968, plaintiff filed a motion in the district court to declare the judgment executory, averring that no written request for notice of an interlocutory judgment or order had been filed in the record by defendants, and hence under Article 2123, paragraph 2 of the Code of Civil Procedure, the suspensive appeal was not taken within fifteen days of the judgment or order.

Thereafter, on March 22, 1968, plaintiff filed a motion to dismiss the appeal in the Court of Appeal on the ground that the appeal was not timely taken.

As stated heretofore, when the appeal was heard on this motion to dismiss, the Court of Appeal dismissed the suspensive appeal, ex proprio motu, on the ground that it was taken from the order denying the motion for a new trial. In thus concluding, the appellate court placed emphasis not only on the hereinabove quoted portion of the motion for appeal, but also on the language contained in the preamble of the appeal bond stating that " * * * judgment has been rendered by the Twenty-first Judicial District Court of Louisiana, for the Parish of Tangipahoa, in the above entitled and numbered cause on a rule for a new trial, which judgment was adverse to the defendants * * *."

Defendants contend that, while some of the recitals of the petition for appeal may be ambiguous, (it being conceded that the date given is January 18, 1968, the date of the signing of the judgment refusing a new trial), the language used is merely in-

advertent or clerical, and is in no way misleading. Counsel declare that the intent to appeal from the judgment of September 12, 1968 · is clearly manifested by the order signed by the trial judge which fixes the amount of the bond in the sum of $161,-765.00 and that plaintiff's counsel well understood the import of the appeal for they answered the appeal requesting an increase of the award and also filed a brief on the merits of the case.

This Court, in General Motors Acceptance Corporation v. Deep South Pest Control, Inc., approved the dismissal of the appeal therein principally because it was contended in that matter that there was a right of appeal from an order denying a motion for a new trial. Later, in the cases of Kirkeby-Natus Corporation v. Campbell, supra, and Fruehauf Trailer Company v. Baillio, 252 La. 181, 210 So.2d 312 (1968), where the motions recited that the appeals were being taken from judgments rendered on certain specific days, which referred to the days on which application for new trials were refused, we concluded that the appeals should not be dismissed since the intention of the parties to appeal from the adverse judgments on the merits was evident despite the inadvertent statements respecting the judgments overruling the motions for a new trial.

In the Kirkeby-Natus case, which is factually similar to the instant matter, the Court reinstated the appeal which had been dismissed by the Court of Appeal, Fourth Circuit, on its own motion. In considering the circumstances surrounding the taking of the appeal involved therein, i.e., that the petitioner desired to appeal from the judgment rendered on July 6, 1965, the date of the refusal of the new trial, the Court adopted the broader view that, since the prayer sought an appeal "in the above entitled and numbered cause" without reference to the date of the judgment, it was obvious that the petitioner intended to appeal and would appeal from the monied judgment rendered against him.

▉ The same situation exists herein. The orders for appeal in this case and the Kirkeby-Natus case are identical; they state that the appeal is granted from "the judgment rendered in the above and numbered cause." It is true, as the Court of Appeal observes, that the petition for appeal and preamble of the suspensive appeal bond herein recite, in essence, that the appeal is being taken from the judgment dismissing a rule for a new trial. However, when it is considered that there was but one monied judgment in this case and that the suspensive appeal bond filed (which is the foundation of the appeal) is for $161,-765 (one-half over and above the amount of the judgment), upon which the order of suspensive appeal is conditioned, it is perfectly clear that the appeal has been taken from the final judgment casting defendants in damages and that the statement, to the

effect that defendants were appealing from the interlocutory judgment overruling a motion for a new trial, is purely inadvertent and totally contradictory to defendants' manifest intent. It was pertinently stated in the Kirkeby-Natus case: " * * * it is apparent that the allegation in the petition relating to the judgment rendered on July 6, 1965 (the date of the denial of a new trial) was an inadvertent error which was neither misleading nor prejudicial to anyone involved in the litigation."

The view we entertain is also fully sustained by our most recent expression on this subject in Fruehauf v. Baillio, supra, where under like circumstances the defendant stated in his motion for appeal that he was aggrieved by the judgment of August 8, 1966 (overruling a motion for a new trial). The Court of Appeal, Fourth Circuit, dismissed the appeal on its own motion and attempted to differentiate the case from our holding in the Kirkeby-Natus matter. We found that the appellant had committed an inadvertent error and maintained his right of appeal. In so doing, it was declared: "In the instant matter, we do not find that the appeal is fatally defective. Appeals are favored in the law, must be maintained wherever possible, and will not be dismissed for technicalities."

We conclude that, under the facts presented herein, the dismissal of the appeal by the Court of Appeal on authority of the Deep South case is in error. The decisions in Kirkeby-Natus and Fruehauf are controlling.

The Court of Appeal, because of its disposition of the matter, did not pass on plaintiff's motion to dismiss. This motion, as hereinabove stated, is based on the ground that the suspensive appeal was not timely taken, and counsel for plaintiff have briefed and argued their motion to dismiss here and urge us to sustain it as well founded. This contention is vigorously contested by counsel for defendants.

An examination of the record, however, discloses that there are certain factual, as well as legal, disputes between the parties with respect to the time when and if defendants' counsel requested the clerk of the district court to notify them of the disposition of various court orders and judgments as prescribed by Articles 1913 and 1914 of the Code of Civil Procedure. Since the record does not clearly reveal whether the clerk mailed notice of the judgment overruling the motion for a new trial on January 15, 1968 (the date of the judgment), the taking of evidence at the trial level may be required for the disposition of these factual matters which are in dispute.

Furthermore, under the settled jurisprudence following our decision in Mataya v. Delta Life Ins. Co., 222 La. 509, 62 So.2d 817, we have deemed it the better practice to remand cases here on writs of review to the courts of appeal for decision

on issues which those courts have not had the opportunity, or have found it unnecessary, to consider in disposing of the controversy. See Felt v. Price, 240 La. 966, 126 So.2d 330, and cases there cited; Shapiro v. Shapiro, 242 La. 903, 139 So.2d 762; and Reynolds v. Hardware Mutual Casualty Company, 249 La. 268, 186 So.2d 588.

For the reasons assigned, the judgment of the Court of Appeal, First Circuit, dismissing the appeal herein, on its own motion, is annulled and set aside and the case is remanded to that court for further proceedings consistent with the views herein expressed. Costs of proceedings in this Court are to be paid by plaintiff-appellee.