SAVOY, Judge.
In the instant case plaintiff-appellee filed suit against his wife, defendant-appellant, for separation from bed and board on. the ground of abandonment. In his petition he conceded that the wife was entitled to the custody of the children born of the union between them, but asked for reasonable visitation privileges. Appellant answered the suit generally denying the articles of plaintiff’s petition. She filed a reconventional demand praying for a separation on the grounds of cruel treatment on 'the part of appellee. The reconventional demand was coupled with an order praying for alimony pendente lite. When the rule was tried counsel for appellant asked the court if only alimony pendente lite would be considered or whether alimony and visitation rights would be heard on the rule. The judge said he would decide both matters. No objection was made by counsel for appellant. The rule was tried, and the district judge allowed appellant $25.00 alimony for herself, and $150.00 for the three children. He also allowed appellee visitation rights every other week end from 6:00 P.M. on Friday to 8:00 P.M. on Sunday. Defendant appealed.
In his brief counsel for appellee asked that this Court dismiss the appeal on its own motion since the judgment rendered by the trial judge was interlocutory in nature, and no appeal would lie. No cases were cited by counsel. We made an independent study and conclude that the appeal was proper. Lodatto v. Lodatto, 238 La. 305, 115 So.2d 359; Ramos v. Ramos, 173 La. 407, 137 So. 196; and St. Martin v. Messersmith, 218 La. 239, 48 So.2d 909.
We also conclude that under the circumstances outlined above, the judge properly allowed appellee visitation rights. Vinet v. Vinet, 184 So.2d 33 (La.App. 4 Cir. 1966).
The next item contested by appellant is the alimony awarded during the pendency of the suit. In her reconventional demand she asked for $500.00 as alimony for herself and their children.
The record reveals that appellee is a bus driver for Continental Trailways and is paid so much per mile so that his income is based on the amount of miles traveled. His net salary is approximately $600.00 per month. He also works at the Continental Bus Station. He is paid by the hour for this work. His approximate income from *503 working at the bus station is $125.00 per month. He is also engaged in selling household products, but it was not shown that he had a regular income from this source. We conclude that the plaintiff had a net earning of approximately $7,800.00 per year.
Appellee testified that he carried hospitalization and burial insurance on the family, but did not state the amount which he expended for these items.
Appellant testified that appellee was making approximately $11,000.00 annually, and that she knew this because she made a joint income tax return with her husband. There are no income tax returns in the record.
According to the evidence, appellant has no independent income and is living with her family.
In view of appellee’s income, we are of the opinion that the award to appellant should be increased from $25.00 to $75.00 per month.
In his oral reasons for judgment the district judge ordered appellee to pay, in addition to $175.00 per month, medical and dental expenses. The judgment was prepared by counsel for appellee, and it omitted these items. Accordingly, we amend the judgment to include payment by appellee for medical and dental expenses incurred by appellant and the children of the marriage.
For the reasons assigned the judgment of the district court is amended by increasing the award to appellant individually from $25.00 to .$75.00 per month, and by ordering appellee to pay all medical and dental expenses incurred by appellant and the minor children. As amended the judgment is affirmed.
Costs of this appeal are taxed against appellee.
Affirmed in part, amended in part.