337 So.2d 922 (1976)
Margaret Elizabeth Jones TRAYLOR, Plaintiff-Appellee,
v.
Norval Robertson TRAYLOR, Defendant-Appellant.
No. 5637.
Court of Appeal of Louisiana, Third Circuit.
September 29, 1976.
*923 Polk, Foote, Randolph, Percy & Ledbetter by Lamar Polk Culpepper, Alexandria, for defendant-appellant.
Voltz & Ware by John R. Hickman, Alexandria, for plaintiff-appellee.
Before HOOD, MILLER and WATSON, JJ.
MILLER, Judge.
Defendant Norval Robertson Traylor appeals the award of $250 per month as alimony pendente lite (authorized by LSA-C.C. art. 148), pending trial of his and his wife's cross-claims for a judicial separation. Husband contends he can't pay that much alimony and seeks a reduction. We affirm.
A judgment awarding alimony pendente lite prior to a hearing on the suit for judicial separation is an appealable judgment. Lodatto v. Lodatto, 238 La. 305, 115 So.2d 359 (1959); Fuori v. Fuori, 316 So.2d 803 (La.App. 1 Cir. 1974).
Both parties testified concerning the needs of plaintiff Margaret Elizabeth Jones Traylor and husband's ability to pay; the testimony taken at trial of the rule has not been made part of the record. Appellant made no effort to comply with LSA-C.C.P. arts. 2130, 2131 and 2132, relative to supplying a transcript of testimony or a written narrative of facts.
Husband's request for a reduction is based on his contention that the trial court erred in evaluating facts. Where there are factual issues involved and the record on appeal contains neither the transcript of testimony nor an agreed statement of facts entered into between the parties or given by the trial judge, there is nothing for appellate review. Succession of Walker, 288 So.2d 328 (La.1974).
The trial court judgment is affirmed at appellant's costs.
AFFIRMED.