NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CM 15-221


IN RE: INTERDICTION OF

JAMES H. TALLEY


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 48,571 "B"
HONORABLE LEO BOOTHE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ELIZABETH A. PICKETT**

**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Judges Elizabeth A. Pickett, Shannon J. Gremillion, and Phyllis M. Keaty.


**MOTION TO DISMISS APPEAL
DISMISSED AS PREMATURE.**


**Madaline Cross Gibbs**
**Seibert & Gibbs PA**
**307 Texas Street**
**Vidalia, LA 71363**
**(318)336-9676**
**COUNSEL FOR APPELLEE/CURATOR FOR THE INTERDICT:**
    Loura Susan Owings

**Philip LeTard, Sr.**
**Post Office Box 187**
**Vidalia, LA 71373**
**(318)336-8990**
**COUNSEL FOR APPELLANT/INTERVENOR:**
**Jim B. Talley**

**PICKETT, Judge.**

Loura Susan Owings (Ms. Owings), Curator for the Interdict, James H. Talley, moves to dismiss the appeal of Appellant-Intervenor, Jim B. Talley (Mr. Talley), for having been taken from an interlocutory judgment denying Mr. Talley's motion for new trial. Ms. Owings styled her pleading as a "Motion to Dismiss and Exception of No Cause of Action;" however, Ms. Owings does not brief or further mention the exception of no cause of action. This court finds that exception to be abandoned. For the reasons given below, we dismiss the motion as premature.

The interdiction suit was filed by Ms. Owings. Ms. Owings' father, James H. Talley, was placed under full interdiction, and she was appointed curator.

Mr. Talley filed a motion for new trial, which was denied by the trial court by judgment signed on November 24, 2014. The motion was denied because Mr. Talley failed to appear and argue his own motion. Notice of this judgment was mailed on November 26, 2014.

On December 22, 2014, the trial court signed an order of appeal. The order of appeal references only the judgment that was signed on November 24, 2014,[1] i.e., the judgment denying Mr. Talley's motion for new trial.

On March 10, 2015, Ms. Owings filed the instant motion to dismiss in which she contends that no appeal lies from the interlocutory order denying Mr. Talley's motion for new trial. La.Code Civ.P. art. 2083. This court has previously noted "that our Louisiana Supreme Court has held that where the motion for appeal refers to a judgment by date and that judgment is one denying a motion for a new trial,

---

[1] This court notes that notice of appeal gives the date of judgment as November 26, 2014, but the judgment was signed on November 24, 2015. Notice of judgment was dated November 26, 2014.

but the appellant exhibits the clear intention in brief and argument to appeal from the adverse judgment on the merits, the appeal should be considered." *Walsh v. Walsh*, 544 So.2d 720, 721 (La.App. 3 Cir.1989), *citing Smith v. Hartford Accident and Indem. Co.*, 254 La. 341, 223 So.2d 826 (1969), and *Fruehauf Trailer Co. v. Baillio*, 252 La. 181, 210 So.2d 312 (1968). Every pleading must be construed so "as to do substantial justice." La.Code Civ.P. art. 865.

The record in this case has not been lodged. Thus, no brief has been filed by Mr. Talley, and this court is unable to determine whether Mr. Talley intends to appeal the judgment on the merits or only the judgment denying his motion for new trial. Therefore, this court concludes that Ms. Owings' motion to dismiss is premature.

**MOTION TO DISMISS APPEAL DISMISSED AS PREMATURE.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.